## LYONS and Another *v.* THE STATE.

Scire facias on a recognizance. Plea, that the principal had appeared in Court in discharge of the recognizance, and pleaded not guilty to the indictment; that the Court, having heard the evidence and dismissed the jury, discharged him; and that afterwards he had been called, and the recognizance declared forfeited. *Held*, that the plea was good.

The averment—that the principal had been discharged—was essential to the validity of the plea.

ERROR to the *Franklin* Circuit Court.

HOLMAN, J.—*Lyons*, *Winscott*, and *Terry*, entered into a re- *Tuesday*, cognizance, conditioned that *Lyons* should appear before the *November 9*.

*Franklin* Circuit Court, and answer to a charge of larceny, and not depart without leave of said Court. A scire facias issued on this recognizance, setting forth that said *Lyons* had been called, in the *Franklin* Circuit Court, to answer to the charge of larceny, and had failed to appear; and that *Winscott* and *Terry*, his bail, were required to bring into Court the body of the said *Lyons*, and had failed to do so; whereupon the recognizance was declared forfeited by order of the Court. *Lyons* and *Terry* appeared to this scire facias, and pleaded—that *Lyons* did appear in the *Franklin* Circuit Court in discharge of the recognizance; and did answer to the charge of larceny on an indictment, and pleaded not guilty. That the issue was brought before a jury regularly impannelled and sworn; and that all the evidence on both sides was given. That after the evidence was heard, the Court dismissed the jury, and discharged the said *Lyons* from the said charge; who then and there went thence without day, &c. by the permission and sufferance of the Court. And that afterwards, on the same day, *Lyons* was called and the recognizance forfeited. All which appears of record, &c. Wherefore the defendants say, that the said *Lyons* did personally appear before the *Franklin* Circuit Court, at the time and place named in the recognizance, and answer to the said charge of larceny exhibited against him, and did not depart the said Court without the leave thereof; and this they are ready to verify and prove by the record, &c. To this plea the attorney for the state demurred; and the Court sustained the demurrer, and gave judgment that the state have execution against the defendants for the amount of the recognizance.

We are not able to discover any exceptionable features in this plea. It sets forth the appearance of *Lyons* agreeably to the requisitions of his recognizance, his answer to the charge of larceny, his discharge by the Court, and his departure by the permission of the Court; and that the calling and forfeiture of the recognizance was after his departure. These facts are well pleaded, and consequently admitted to be true by the demurrer; and certainly amount to a compliance with the condition of the recognizance. This case is clearly distinguishable from the case of *Winscott* v. *The State*, decided at this term. It seems that *Winscott* was one of the bail named in this recognizance. The reasons given by him why the state should not have execution against him, are, to a certain extent, the same

as are set forth in this plea. He states the appearance of *Lyons*, the answer to the charge, the impannelling and swearing of the jury, the hearing of the evidence, and the discharge of the jury by the Court; but he does not pretend that *Lyons* was discharged by the Court, or departed with their leave. He contends that *Lyons* was discharged by the operation of law; that the dismission of the jury amounted to an acquittal; and that the Court could not require him to answer any further to the charge. But it was there evident, that *Lyons* departed without leave of the Court. Whether the discharge of the jury amounted to a discharge of *Lyons* or not, was not to be determined by the party accused, but by the Court. They had a right to adjudicate upon that subject, and it was within the terms of the recognizance that *Lyons* should remain in Court until that matter was determined. His departure, without leave, put an end to the adjudication, and was a violation of his recognizance (1). Here the plea expressly states the discharge of *Lyons* by the Court, and his departure with the Court's permission; so that taking the plea to be true, the subsequent calling of *Lyons*, and forfeiting the recognizance on account of his failure to appear, was incorrect. The plea was a good bar, and the demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer are set aside. Cause remanded, with directions to permit the demurrer to be withdrawn, &c.

*Ray*, for the plaintiffs.

*Moore*, for the state.

(1) The mere discharge of the jury—even in a capital case—when they cannot agree, does not discharge the defendant. Another jury may be impannelled to try the cause. *Wyatt* v. *The State*, ante, p. 257, and note. *United States* v. *Haskell*, 4 Wash. C. R. 402.