ALBANY,
Oct. 1834.

The People
v.
Haddock.

---

### THE PEOPLE *vs.* HADDOCK.

A *recognizance* that a putative father of a bastard child shall appear at the general sessions, and abide such order as shall be made *for the relief of the town* in which the child was born, remains in force, notwithstanding that, subsequent to the time of the entering into the recognizance, the distinction between *town* and *county poor* is abolished, and the child by means thereof becomes a *county charge*, instead of a *town charge;* the suit on the recogni-zance being considered as pro secuted for the benefit of the county.

In an action of debt upon such *recognizance*, where it is averred in the decla-ration that the party *did not appear*, and the defendant pleads *non est factum* it is not cause of non-suit that it is omitted to be shown on the trial that the default of the party was entered of record, or that the general sessions had directed the clerk of the county to prosecute the recognizance.

When one of several issues is found for a defendant, but such issue does not go to the merits of the cause, judgment will be rendered for the plaintiff *non obstante veredicto,* if the other issues are found for him.

THIS was an action of *debt on recognizance*, tried at the Herkimer circuit in March, 1832, before the Hon. NATHAN WILLIAMS, then one of the circuit judges.

The suit was brought on a recognizance entered into by the defendant on the 19th July, 1825, under the *bastardy act*, as the *surety* of Henry Finck, who was charged with being the fa-ther of a child with which one Elizabeth Fox was *encient*, likely to be born a bastard, and to be chargeable to the town of *German Flatts*, in the county of *Herkimer*. The recognizance was *conditioned* for the appearance of Finck at the then next general sessions of Herkimer, and to abide and perform such

order as should be made, pursuant to the bastardy act *passed February* 25, 1813. The declaration sets forth the recognizance, and that it was brought into the court of sessions, and filed on the 5th August, 1825. It is then averred that on the 3d September, 1825, two justices of the peace of the town of German Flatts made an order, whereby they adjudged Finck to be the reputed father of the child of Elizabeth Fox, which was then born and ordered, " as well *for the better relief of the town of German Flatts* as for the sustentation and relief of the said bastard child, " that Finck pay to the overseers of the poor of that town $24,69, for lying-in expenses, &c., and also the weekly sum of 75 cents towards the maintenance of the child *for and during so long a time as the child should be chargeable to the town of German Flatts.* It is further averred that Finck had notice of such order, that he neglected to pay, according to its requirements, and that he did not appear at the general sessions according to the tenor of the recognizance, and did not abide and perform the order of the justices made on the third of September, *but therein wholly failed and made default.* The count concludes in the usual form stating the non-payment of the money, and that the recognizance remains in full force, whereby an action hath accrued, &c. The defendant *pleaded*, 1 *Non est factum* ; 2. That the bastardy act of 1813, under and by virtue of which the recognizance was entered into and the order made, was *repealed* by an act of the legislature, passed 10th December, 1828, to take effect from and after 31st December, 1829 ; and so it was alleged the bastard child referred to in the recognizance and order, was not, at the commencement of the suit, (which was in October term, 1830,) chargeable to the town of German Flatts, which town was not *then* liable to and did not maintain and support the child ; concluding with a verification and prayer of judgment ; 3. General performance of the condition of recognizance ; 4. That the distiction between *town* and *county* poor was abolished in the county of Herkimer, by the determination of the supervisors of that county to that effect, and that the certificate of such determination was duly filed, in compliance with the statute din such case made and provided, in the county clerk's office of Herkimer, on the 16*th November*, 1827, by reason whereof

the town of German Flatts was *not chargeable with the support of the child at the commencement of the suit:* the defendant averring that he had in all things complied with the order of the justices, from the time of the making thereof until the said 16th day of November, 1827; and that he thereby became discharged from all liability, under and by virtue of the recognizance and order of the justices made in the premises; concluding with a verification and prayer of judgment. To the *second plea a replication* was put in, denying that the bastardy act of 1813 was *repealed* by the act of 1828, so far as the matters litigated in this suit were involved; but that on the contrary, the recognizance and the order of the justices set forth in the declaration remained in full force, unaffected by the act of 1828, and that the town of German Flatts was then liable to, and did maintain and support the said bastard child; concluding to the country. The *third* plea, or plea of performance, was denied. To the *fourth* plea a replication was put in, admitting the determination of the supervisors to abolish the distinction between town and county poor, and the filing of the certificate; but for answer, alleging that the bastard child, at the time of the commencement of the suit, was chargeable to the town of German Flatts; that the defendant did not perform the order from the day of its date until the 16th November, 1827, and as long as the child was chargeable to that town; and that neither the defendant or Finck was discharged from his liability on the recognizance and order, and this, &c.

Upon these pleadings the cause was brought to trial. The recognizance and order were proved, and it was shown that the bastard child was in full life, and the plaintiffs rested. The defendant moved for a nonsuit, on the following grounds: that it had not been shown, 1. That the court of general sessions had directed the clerk of the county to prosecute the recognizance; 2. that it had not been shown that the recognizance had been *continued* in the court of general sessions; 3. That it had not been shown that the *default* of the putative father to appear, had been *entered of record;* 4. That the justices had not pursued the directions of the first section of the bastardy act in making and enforcing the order; contending

that the recognizance only required the appearance of the putative father at the time of making the order; and if he then appeared, or could be found in the county, the condition of the recognizance was complied with, and the justices should have proceeded to imprison him, unless he had given the security required by the first section of the act. The judge refused to grant the nonsuit. It was further proved, in support of the action, that no payments had been made under the order since 15th June, 1829; that the mother took care of the child, and that the overseers had paid over to her what moneys they had received under the order. The defendant offered to prove that the putative father did appear at the general sessions, and entered an appeal from the order of filiation; which evidence was objected to, unless followed up by proof that the order had peen quashed. The evidence was rejected by the judge. The defendant proved his *fourth* plea, viz: the determination of the supervisors, and the filing of the certificate on 16th November, 1827, abolishing the distinction between town and county poor, in the county of Herkimer, and claimed that he was entitled to a verdict, inasmuch as it had been shown that the putative father had complied with the order by making the weekly payments *as long as the bastard child was chargeable to the town of German Flatts*, and inasmuch as the act under which the recognizance had been taken had been repealed. The jury, under the charge of the judge, found a verdict for the defendant on the *fourth* plea, and for the plaintiffs on all the other issues. The defendant having excepted to the several decisions made against him, and obtained a bill of exceptions to be signed, moved for a new trial.

*G. H. Feeter & J. A. Spencer*, for the defendant.

*A. Hackley*, for the plaintiff.

*By the Court.* SAVAGE, Ch. J. The defendant insists, 1. That it is not averred in the declaration that the *default* of Finck was entered *of record*, nor that he was called, and did not appear, and cites *The People* v. *Van Eps*, 4 Wendell, 393. The answer is that in that case there was a demurrer to the

declaration. Here, then, is no demurrer; nor is there any plea which calls upon the plaintiffs to prove such facts. The plea of *non est factum* admits all material averments, except the execution of the instrument. There is an averment that Finck did not appear and perform the order. 2. It is said that the court of sessions did not direct their clerk to prosecute this suit. To that I answer, that was not a question upon the record. The proper mode of taking advantage of such an omission would have been by motion. The court, at the circuit, are to look at the record to see what facts are material to be proved. If the clerk had directed this prosecution by order of the sessions, these facts would not necessarily appear on the record; and whether the suit was brought or not, is not a proper inquiry on the trial, particularly under these pleadings. 3. The issue on the *fourth* plea was found for the defendant, and he insists, that decides the merits of the cause in his favor. That finding decides the fact, that on the day mentioned the distinction between town and county poor in Herkimer ceased, but the question of law remains, whether that discharged the defendant from his liability. The legal consequence of that proceeding probably is, that the child remains a pauper, not technically of the *town*, but of the *county*. But is this the contingency contemplated by the condition of the recognizance? The obligation imposed by the recognizance was, that Fink, the putative father, should pay the weekly allowance, so long as the child required that assistance, towards its support. It was decided in *The People* v. *Corbett*, 8 Wendell, 527, that the mother's ability to support the child did not relieve the father from his liability : the child did not cease to be chargeable to the town on that account. To here the child continues chargeable, not indeed technically to the town, but it is not able to support itself, nor has it ceased to be a charge upon the public. Is it not an equitable argument, at least, to say, that as the law cast the child upon the county, the county should have the benefit of the security which the town had? and it is not presuming unreasonably to suppose that this action is brought for the benefit of the county, as the county is now liable for the support of the pauper. 4. As to the repeal of the act of 25th February, 1813, I do not see how that affects

ALBANY,
Oct. 1834,

The People
v.
Haddock.

the case, or releases the defendant from his liability.   The recognizance is a contract, entered into according to law'; and is such as the law declared proper at  the time.   That law is repealed, and a different security is directed for future cases ; but that does not invalidate a security taken according to the law which was in force when it was taken.   Such contract continues in force.

I am of opinion that a  new  trial  be denied,  and  that the plaintiffs are entitled  to judgment on the whole  record, notwithstanding the verdict for the defendant, on the issue found on the *fourth* plea.