By the* Court,
Nelson, Ch. J.
The counsel for the plaintiff in error seeks to distinguish this case from numerous others in this court which determine that a breach of the covenant of warranty can be proved only by an eviction in due course of law,(a) on the ground that the issue here joined does not call for any such proof. The plea avers title in Seymour at the time of the execution of the lease, which is not denied ; it also avers that, by virtue of such title, he took possession of the premises, and lawfully prevented the lessee from the enjoyment of them: this is denied by the replication.
It is said, that inasmuch as the plea does not aver that the tenant was evicted by legal proceedings, proof of that character was not required by the issue; that the evidence as given clearly established the right of Seymour to the possession as against the lessor at the time of the execution of the lease, and that the subsequent entry of the former fully made out the issue in favor of the defendants, namely, that the tenant was in fact lawfully prevented from the enjoyment of the premises during his term.
But the argument is founded rather upon a criticism of the words and particular phraseology of the issue, than upon a sound legal interpretation of its meaning as a whole. The question is not, whether the plea is drawn in the technical and scientific language of a good pleader according to established precedents—because, where no demurrer is interposed, such accuracy and precision are not expected or exacted in justices’ courts (b)—but what is the good sense and fair import of it, construed with reference to the known legal principles at which it obviously enough aimed. In this respect, we cannot help seeing that it is an in *507 formal, untechnical plea of a legal eviction of the tenant by Seymour under paramount title; and extending to it, therefore, the liberality with which pleadings before justices are viewed, the court below were right in so regarding it, and trying the issue accordingly. If the court had excluded evidence of a legal eviction offered by the defendant under this issue, on the ground that it was not sufficiently comprehensive to embrace the proof, the decision would have been erroneous, and a new trial must have been granted. Besides, the defendants would have gained nothing if they had succeeded in the views urged as to the nature of the issue; for it would then have been altogether immaterial, and the plaintiff entitled to the judgment notwithstanding the verdict. If the plea meant simply that Seymour entered forcibly upon the tenant, and dispossessed him by virtue of his better title, or that the tenant surrendered upon ascertaining that A was paramount, then the issue presented no legal defence to the payment of the rent; and had it been admitted, still the court would have been bound to render judgment in favor of the plaintiff upon the whole record. (The People v. Haddock, 12 Wend. 475. Tidd, 830.)
Judgment affirmed.

а) See Lansing v. Van Alstyne, (2 Wend. 563, 565, note;) Webb v. Alexander, (7 Wend. 281, 285.)

 Parties may, however, by demurrer, insist upon the same strictness in regard to pleadings in justices’ courts as are exacted in other courts. (Van Hoesen v. Van Alstyne, 3 Wend. 78. Stone v. Case, 12 id. 283.)