By the Court, Cowen, J.
The truth of the plea so far as it applies to the first count is in no part denied; and as to the second count, it is virtually admitted. The result, as to both counts, is, that the putative father appeared on the day and at the place prescribed in the condition; and did not depart the court without leave. It is replied that the sessions continued the bond and the matter to the next term, without any objection &c. by the sureties or either of them. That is no answer. The bond was taken for the putative father’s appearance on his being arrested by virtue of an endorsed warrant out of his county, pursuant to 1 R. S. 650, 2d ed., § 8. It was simply that he should appear and not depart without leave. In respect to such a bond, the power of the court to continue it in force, or in other words, to renew and make it applicable to the next term, in any way, even with the assent of the obligors, may well be doubted. It is not a recognizance; but a thing in pais, like any other deed; and it is difficult to conceive how it can be continued without a new bond. Admitting it to stand on the same footing with a recognizance, and that the plea is the same as the second one in The People v. Clary, (17 Wend. 374,) the question would be open. That plea was not passed upon. But this plea, beside being in answer to a mere bond, asserts expressly that, after appearance, the principal departed with the assent of the court, and the replication does not deny this. In that case too, there was a condition to abide the order of the court; not so here. There is no clause which, upon any construction, would entitle the court, of itself, to make an order touching the appearance of the principal at any other day than that mentioned in the condition. The decided cases proceed much upon the particular words of the condition; In The People v. Stager, (10 Wend. 431,) the condition was to appear and answer. A plea that the accused appeared and was ready to ■answer, was held insufficient. Sometimes the condition is that *650 he shall not depart till discharged by the court. Then the cognizors are bound to see that he is in court to answer any criminal charge other than the particular one on which the prosecution was founded. (Id.) Sometimes it is to appear and abide some order, when the plea of appearance is not enough, but it must be shown that the order (if any) was obeyed. (The People v. Haddock, 12 Wend. 475.) In Keefhaver v. Commonwealth, (2 Pennsylv. Rep. 240,) a criminal recognizance was, like the bond in question, conditioned for appearance at the next sessions, to answer &c., and “not depart the court without leave.” An order that the accused should pay the costs was held to be out of the condition. It was farther held that appearing at the term specified and answering, satisfied the condition ; and that a default in not appearing on a call at the term next following, was no ground of action. Gibson, C. J., said, “Recognizances being for appearance at the next, and not at every succeeding sessions, are to be discharged at the end of the term, by committing the prisoners, delivering them on new hail, or setting them at large. But to avoid the trouble of renewing the security, it is sometimes the practice, when the hail consent, to forfeit the recognizance and respite it till the next term, and this answers the purpose perfectly well.” If the terms of the condition be complied with, I apprehend that no court, even in case of a recognizance, can do any thing more against the bail than what is here suggested. In Lyons v. The State, (1 Blackf. 309,) the condition was to appear, answer to a charge of larceny, and not depart without leave. Plea, appearance, trial, dismission of the jury and discharge of the accused. It was held that afterwards calling him, at the same term, and his making default, would not affect his bail. These cases, and various others, have respect to the words of the condition. And they are in point for the defendants. The plea is full that the putative father appeared, and, so far from departing without leave, went away with the express permission of the court. The condition contains no obligation to do any thing else. It is supposed that the 2 R. S. 654, 5, 2d ed. § 33, enlarges the terms. It provides that the putative father shall not depart the *651 court without either executing such bond as it may require, or being discharged by the court. In this <?ase no bond was required at the proper time; but the court sought to extend the terms of the old one by their own act. A demand of a bond at December term was too late. True, the plea does not say that he was discharged in so many words; but it shows enough to make that out in effect. He fulfilled the condition as far as he could; and the. court required nothing farther of him which the bail were bound to see performed.
Judgment for the defendants,