Oldham, J, delivered the opinion of the court. This was an action of debt, brought in the circuit court, against Morrison, upon a writing obligatory, executed by him and one Barnett, who was not sued. Morrison pleaded non assumpsit within five years,- to which there was a replication and issue. It was decided in Baldwin against Cross, 5 Ark. Rep. 510, that the statute of limitations, in action of debt upon a foreign judgment, brought within five years after the 20th March, 1839, when the act took effect, was no bar to the action. The principle settled in' that case governs in the determination of the plea in this case. This suit was commenced on the 14th April, 1843; five years had not elapsed from the taking effect of the act of limitations, consequently the plea sets up no valid bar to the action. The next question to be determined is, whether the circuit court properly overruled the plaintiff’s motion for judgment, notwithstanding the finding of the court, sitting as a jury, upon the issue in favor of the defendant. In Bellows vs. Shannon, 2 Hill 86, the supreme court of New York held, “ that judgment non obstante veredicto is rendered where the defendant by his pleading confesses without sufficiently denying the action.”-. The court further said “ the distinction between a repleader and a judgment non obstante veredicto is accurately stated by Mr. Tidd. ITe says, where the plea is good in form, though not in fact, or in other words, if it contain a defective title, or ground of defence, by which it appears' to the court, upon the defendant’s own showing, that in any way of putting it, he can have no merits, and the issue joined thereon-be found for him, there, as the awarding of a repleader could not mend the case, the court, for the sake of the plaintiff, will at once give judgment non obstante veredicto; but where the defect is not so much in the title as in the manner of stating it, and the issue joined therein is immaterial, so that the court know not for whom to give judgment, whether for the plaintiff or defendant, theie, for' their own sake, they will award a repleader. A judgment therefore non obstante v'eredicto is always upon the merits, and never granted but in a very clear case: a repleader is upon the form and manner of pleading.” 2 Tidd's practice 953 (Phila. 1828.) This distinction is adopted in 1 Chit. Pl. 695. “ Staple vs. Hayden,”’ continues the court, “is a leading case on this subject. It is there' said that when the defendant pleads an ill plea, but the matter, if" well pleaded, might have amounted to a bar or justification, judg-ment can never be given against the defendant as by confession ;• but where the matter, though never so well pleaded, could signify nothing, judgment may in such case be given as by confession.’5' This case is also reported in 2 Ld. Raymond 924, where Holt, C.J., took this difference; that “ where the defendant confesses a tres-' pass and avoids it by such matter as never can be- made good by any sort of plea, there judgment shall be-given upon the confession-without regard to such an immaterial'issue. But, where the mat--ter of the justification is such as, if it were well pleaded, would be a-good justification, there though it be ill pleaded, yet that shall not be taken to be a confession of the plaintiff’s action.” See also, 1 Chit. Plead. 650. The doctrine governing the practice upon this subject, thus deduced from the authorities, and declared by the supreme court of New York, is conclusive upon the question now before this court.The matter contained in the plea could, by no manner of pleading whatever, be made available as a defence to the action. For, at the-time of bringing the suit, live years had not elapsed since the taking effect of the act of limitations, and consequently the act was not available at that time as a defence to any suit limited by the act to five years. In The People vs. Haddock, 12 Wend. 475, the defendant pleaded four several pleas, three of which were found against him, and one for him, the court held, that inasmuch as the issue which was found in favor of the defendant, did not go to the merits of the cause, the plaintiffs were entitled to judgment upon the whole record, notwithstanding the verdict of the defendant upon that issue. And in Hale vs. Andrews 6 Cowen 225, the court held that, non as* sumpsit infra sex annos to a declaration on a promise of indemnity is bad in substance, and though issue be taken thereon, and there be a verdict found for the plaintiff, subject to the opinion of the court* and the evidence be plainly against the plaintiff upon the issue* if the cause be in other respects with him, he shall have judgment :• and although such an issue be found for the defendant, the plaintiff shall have judgment non obstante veredicto. See also Burdock vs. Green, 18 J. R. 14. Here an issue which did not go to the merits, and which, by no manner of pleading could be made a bar to the action, was by the court sitting as a jury found for the defendant. The plaintiff was entitled to judgment notwithstanding the finding the issue against him, and his motion therefor should- have been sustained, and judgment entered accordingly. The judgment of the circuit co'uit is therefore reversed, and this cause remanded to be proceeded in,, in accordance with this opinion*