THE STATE OF IOWA v. JOSEPH ZIMMERMAN, Defendant, AND AMOS HOUSER, Appellant.

**Recognizance Bond:** DISCHARGE OF SURETY.   Where an accused who has given a recognizance to appear and answer an indictment, and abide the court's judgment, after sentence is pronounced on him, is immediately taken in to the sheriff's custody, and subsequently is permitted to depart, with the court's leave, to obtain money to pay his fine, the surety is discharged from liability on the recognizance, as such liability is extinguished by the appearance.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

WEDNESDAY, OCTOBER 3, 1900.

DEFENDANT Zimmerman pleaded guilty to the crime of keeping a gambling house, and was ordered to pay a fine of $200.   He had given bond to appear, and was present when judgment was pronounced.   Defendant Houser was surety on his recognizance, and claims he was released in virtue of the action of the court and of the sheriff.   The judgment was pronounced on February 14, 1898, and on the twenty-fourth day of that month the court ordered

that defendant surrendered himself, on the twenty-fifth, to perform judgment. Failing to appear, the court, on the twenty-sixth, declared the bond forfeited, and directed the county attorney to bring suit on the same. On May 4th defendant Houser filed a motion to set aside the order of forfeiture. This motion was overruled, and the appeal is from that order. —*Reversed.*

*John M. Redmond* for appellant Houser.

*Milton Remley,* Attorney General, and *Charles A. Van Vleck,* Assistant Attorney General, for the State.

DEEMER, J.—The bond contained the usual conditions "to appear and answer the indictment, and abide the orders and judgment of the court, and not depart without leave of same." This undertaking is a continuing one, and can only be discharged by the surrender of the accused as provided by statute (Code, sections 5528, 5529), or by obtaining leave of court for the accused to depart. *State v. Brown,* 16 Iowa, 314. There is no pretense that Houser surrendered the defendant to the sheriff in accordance with the statute, and no claim that the court directly discharged him. It is said, however, that what occurred at the time judgment was pronounced amounted to a discharge by the court. The record discloses the following facts: Judge Remley, who held the term of court at which Zimmerman pleaded guilty, fixed a day for sentencing all who had been convicted of crime. All the prisoners who were not out on bond were brought into the court room by the sheriff, and were seated on the west side of the room, with the sheriff standing near them. Those who were out on bond were in another part of the room. They were first sentenced, and the judge said to the sheriff that he wished him to take charge of them as soon as sentenced. Zimmerman was present, and, as soon as sentenced, went over, and took his seat with the prisoners who were not out on bond. The sheriff knew that Zimmerman was

ordered into his custody. After the sheriff had thus taken
Zimmerman, the trial judge gave him (Zimmerman) per-
mission to go and get the money with which to pay the fine,
and notified the sheriff of his order. The sheriff says that
he would not have permitted Zimmerman to get from under
his control but for this order and permission of the court.
The judge also told the sheriff that all who received their
sentence must pay their fines or be in jail before court finally
adjourned. Instead of getting the money to pay his fine,
Zimmerman left the state, and joined the "Rough Riders."
Thereafter, and before the adjournment of court, an order
was made requiring Zimmerman to appear, and surrender
himself to perform judgment. As he did not appear, the
order of forfeiture was entered. The appearance docket
shows the satisfaction and cancellation of the bail bond on
the day Zimmerman was sentenced. The bond, as we have
said, was in the statutory form, conditioned to "appear and
answer the indictment, and submit to the order and judgment
of said court, and not depart without leave of same." Such
a bond does not obligate the surety to pay the fine imposed.
In a sense, the surety is simply a jailer for the defendant,
charged with the duty of producing him when his personal
presence is required, or of surrendering him in execution of
the judgment. When once that duty is performed, the liability
of the surety is extinguished. And whenever the court orders
a defendant out on bail into the custody of the sheriff in
execution of the judgment pronounced against him, and the
sheriff, in pursuance of that order, takes possession of the
prisoner, the liability of the surety ceases, for he has lost
all control of his principal, and can no longer direct his
movements. In the instant case there can be no doubt that
the court ordered Zimmerman into the custody of the sheriff,
in execution of the judgment, and that the sheriff took him
into custody pursuant to that order. His subsequent depart-
ure was with leave of court, for the purpose of obtaining
the money whereby to pay his fine, and there was no

breach of the conditions of the bond in his failure to return. The surety did not undertake to return Zimmerman after his departure, with leave of court, under the circumstances disclosed by the record before us. In *Moorehead v. State,* 38 Kan. Sup. 489 (16 Pac. Rep. 957), where a defendant in a criminal case was present when sentence was pronounced against him, and was immediately thereafter taken into the custody of the sheriff, and thereafter departed with leave of the court and the sheriff, it was held that the surety on a bond conditioned that he would appear on the first day of the regular term, and not depart the same without leave, was discharged. The court, by Horton, J., said: "If these are the facts, then his surety is discharged from liability on the recognizance, as it is not conditioned that the defendant or his surety should pay or satisfy the judgment." See, also, *McGarry v. State,* 37 Kan. 9 (14 Pac. Rep. 491; *Com. v. Coleman,* 2 Metc. (Ky.) 382; *Lyons v. State,* 1 Blackf. 309; *Towns v. Hale,* 2 Gray (Mass.), 199, also adds some support to our conclusions. The cases relied on by the attorney general are not in point. In each of them the surety was claiming a discharge by reason of his surrender of the defendant, and in each it was held there was no discharge, because the surety had not complied with the statutes relating thereto. See *State v. Kraner,* 50 Iowa, 576; *State v. Baldwin,* 78 Iowa, 738. The trial court should have set aside the order of forfeiture, and its order is REVERSED.

GRANGER, C. J., not sitting.