197 N.J. Super. 232 (1984)
484 A.2d 720
STATE OF NEW JERSEY, (BURLINGTON COUNTY PER R. 3:26-6), PLAINTIFF-RESPONDENT,
v.
JOSE A. SANTIAGO VENDRELL, DEFENDANT, AND MIDLAND INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 7, 1984.
Decided November 26, 1984.
*234 Before Judges PRESSLER, BRODY and HAVEY.
Richard P. Blender, attorney for appellant.
Michael J. Hogan, Burlington County Solicitor, attorney for respondent (Robert M. Strang, Assistant Burlington County Solicitor, on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Appellant Midland Insurance Company (Midland) appeals from an order of the Superior Court, Law Division, denying its motion to vacate a bail forfeiture. The issue raised by this appeal is whether the obligation which the surety undertakes when it executes a bail bond continues after defendant is sentenced even though it has not been notified of or consented to the trial judge's "continuation" of bail pending appeal.
Defendant Jose A. Santiago Vendrell was arrested after his car was stopped on the New Jersey Turnpike because of his erratic driving. A search of the vehicle revealed 78 pounds of marijuana in the trunk. He was charged with unlawful possession and unlawful possession with intent to distribute. Pretrial *235 bail was fixed in the amount of $5,000. Midland, as surety, and defendant, as principal, executed a bail bond in that amount conditioned, as required by R. 3:26-4(a), on defendant's appearance "at all stages of the proceedings until final determination of the matter."
Defendant ultimately entered a negotiated plea of guilty to the intent to distribute charge, reserving his right pursuant to R. 3:5-7(d) to appeal the denial of his motion to suppress the evidence seized from his car on the Turnpike. The State's undertaking was to move for dismissal of the possession charge. The plea was accepted, and defendant was sentenced to probation for two years on condition that he serve four months in the county jail.
It appears that at the sentencing proceeding the trial judge admitted defendant to post-conviction bail pursuant to R. 2:9-4 by "continuing" bail. Defendant was not therefore remanded to custody. Midland was not notified of the "continued" bail and obviously therefore did not consent to it. Defendant pursued his appeal to this court, which affirmed the conviction, and his ensuing petition for certification to the Supreme Court was denied. Several days thereafter, defendant was noticed to surrender to begin serving his sentence. A copy of the notice was sent to Midland. Defendant did not appear as required and is apparently still at large. The bail was thereafter forfeited, and Midland moved for vacation of the forfeiture claiming that its undertaking was complete at the time defendant appeared for sentencing since it neither knew of nor consented to any further obligation.
The question of whether, as a matter of law, a surety's obligation on a pretrial bail bond continues after sentencing and pending appeal has not been decided in this jurisdiction. It was raised but not answered in State v. Rice, 137 N.J. Super. 593, 603 (Law Div. 1975), aff'd o.b. 148 N.J. Super. 145 *236 (App.Div. 1977), where the court noted that "* * * the question of whether a new cognizance is required pending appeal of a final judgment of conviction and sentence is not here considered." We are required to consider that issue now.
The starting point in determining the scope and duration of a bail bond must be the recognition that the bond constitutes a surety agreement governed by the same legal principles applicable to the construction and consequences of surety agreements in general. The nature of the surety's undertaking must therefore be determined in accordance with the terms of his agreement subject only to applicable provisions of law. See State v. Weissenburger, 189 N.J. Super. 172 (App.Div. 1983). The requirements of law are prescribed by R. 3:26-4(a) which demands that the recognizance "be conditioned upon [defendant's] appearance at all stages of the proceedings until final determination of the matter, unless otherwise ordered by the court." The recognizance here executed by Midland contained conforming language, stating that
The Conditions of this Recognizance are that the Defendant shall personally be and appear at all stages of the proceedings and until the final determination of the cause and that the Defendant and Surety agree to immediately notify the Court of change of address, and if the Defendant and Surety comply with these Conditions, then this Recognizance is to be void.
Midland argues that the "final determination" as intended both by the rule and its agreement is the judgment of conviction entered on sentencing and its undertaking cannot therefore be extended beyond that time without its consent. We agree. We are satisfied that "final determination" has the same meaning as "final judgment," and it is well-settled that final judgment in the context of criminal proceedings is the judgment of conviction despite the pendency of an appeal. See, e.g., State v. Duswalt, 153 N.J. Super. 399 (App.Div. 1977). We further read R. 2:9-4, which provides for post-conviction bail, as contemplating a "new" bail. That rule *237 does not speak in terms of continued bail but rather stipulates that a defendant who has been convicted of a crime "shall be admitted to bail * * * pending the prosecution of an appeal," if he meets the standards for bail therein prescribed. Being "admitted to bail," as in the case of a pretrial bail, implies a new and independent exercise of judicial discretion. The exercise of that discretion in favor of admitting a defendant to post-conviction bail in the same amount as pretrial bail cannot by itself extend the surety's obligation.
There is another reason for our conclusion that the bond here executed did not extend to the appellate proceedings. As we held in State v. Weissenburger, supra, 189 N.J. Super. at 176, a bail-bond surety is released from his undertaking as a matter of law if there is a modification of its agreement of which he has no notice and to which he does not consent, provided the modification materially increases his risk. Unless a surety has initially agreed, either expressly, by implication, or by operation of law, to extend its obligation beyond the time of entry of the judgment of conviction, he cannot be held responsible thereafter because of the material increase of the risk obviously attendant upon the conviction. A defendant who has already been found guilty and sentenced clearly has a substantially greater motivation to fail to appear as required than one who has not been so adjudged.
Our view finds support in the federal cases. Although there is a split in the federal authority, all of the cases deal with an apparently standard provision of the federal bail bond which, unlike the "final determination" language in both the New Jersey rule and bond form, clearly extend the surety's obligation beyond the sentencing proceeding. That provision adds this condition to the recognizance: "* * * the defendant is to abide any judgment entered in such matter by surrendering himself to serve any sentence imposed and obeying any order *238 or direction in connection with such judgment as the court imposing it may prescribe." See United States v. Catino, 562 F.2d 1, 3 (2d Cir.1977); United States v. Miller, 539 F.2d 445, 448 (5th Cir.1976); United States v. Dinneen, 577 F.2d 919, 921 (5th Cir.1978); United States v. Martinez, 613 F.2d 473, 477 (3d Cir.1980). Applying general principles of surety law to this provision, Miller held that the surety remained liable during a brief period of liberty which the trial judge allowed defendant between sentencing and execution of sentencing.[1]Dinneen, disagreeing with Catino, refused to extend the Miller holding where defendant's bail was "continued" pending appeal without notice to the surety. Martinez followed Catino. Our sister states, strictly construing the bond language in accordance with general surety-agreement construction principles, tend, based on the language of the particular bonds before them, to refuse to extend the surety's obligation beyond sentencing. See, e.g., Surety Corp. of America v. State, 550 S.W.2d 689 (Ct.Crim. App.Tex. 1977); State v. Corl, 58 N.C. App. 107, 293 S.E.2d 264 (Ct.App.N.C. 1982). And see, generally, Annot., "Pretrial Bail Bond  Duration of Liability," 32 A.L.R. 4th 504 (1984).
As a practical matter, the problem does not arise if a defendant is admitted to post-conviction bail on his own recognizance or if the amount of bail is increased. Where he is, however, admitted to post-conviction bail in the same amount as the pretrial bail, we are satisfied that the surety on the pretrial bail can be obligated on appeal only if he so consents. We point out, however, that an amendment of R. 3:26-4(a) that would expressly provide for the continuing obligation of the pretrial bail surety is a policy matter which the appropriate Supreme Court committee might consider.
The order of forfeiture is reversed.
NOTES
[1] We do not address this question.