**STATE of Minnesota, Respondent,**

v.

**Thomas Michael WEBBER, Appellant.**

No. C4–85–1607.

Court of Appeals of Minnesota.

March 11, 1986.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender, Bradford W. Colbert, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LANSING and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

FORSBERG, Judge.

Thomas Webber appeals from a conviction of fourth degree assault and from an order denying a motion to modify his sentence. He contends the State failed to prove beyond a reasonable doubt that he did not act in self-defense and that the trial court abused its discretion by ordering a stay of execution of sentence rather than a stay of imposition. We affirm.

## ISSUES

1. Was there sufficient evidence for the jury to conclude beyond a reasonable doubt that appellant was not acting in self-defense?

2. Did the trial court abuse its discretion in denying appellant's motion for a stay of imposition of sentence?

## ANALYSIS

### I.

Appellant was convicted of fourth degree assault in violation of Minn.Stat. § 609.2231:

Whoever assaults a peace officer when that officer is effecting a lawful arrest or executing any other duty imposed upon him by law and inflicts demonstrable bodily harm is guilty of a felony * *.

Minn.Stat. § 609.2231 (1984). Appellant admitted at trial that he did assault Officer Clemens. He now contends only that the State did not present sufficient evidence to prove beyond a reasonable doubt that he did not act in self-defense.

We are convinced upon reviewing the record that there is sufficient evidence to sustain the verdict of the jury.

## II.

Webber received a presumptive sentence of one year and one day, with execution stayed. Appellant argues only that the trial court abused its discretion by ordering a stay of execution rather than a stay of imposition.

This court has often stated that a sentencing court "has broad discretion and that we generally will not interfere with the exercise of that discretion." *State v. Theisen,* 363˙ N.W.2d 867, 869 (Minn.Ct. App.1985); *see State v. Van Ruler,* 378 N.W.2d 77, 80–81 (Minn.Ct.App.1985). We see no compelling reason to interfere with the sentence in this case.

## DECISION

There was sufficient evidence for the jury to conclude beyond a reasonable doubt that appellant was not acting in self-defense. The trial court's choice of a stay of execution of sentence was not an abuse of discretion.

Affirmed.