**STATE of Iowa, Appellee,**

v.

**Kenneth Donald ORTE, Jr., Appellant.**

No. 94–1440.

Supreme Court of Iowa.

Nov. 22, 1995.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Assistant State Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Des Moines, Assistant Attorney General, and Lawrence H. Schultz, Spencer, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, P.J., CARTER, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

Kenneth Donald Orte appeals his conviction and sentence for two counts of homicide by vehicle. *See* Iowa Code § 707.6A(1) (1993). Orte raises two issues. He challenges the district court's refusal to issue mittimus in the present case until Orte serves his remaining jail time on an unrelated charge. He also challenges the district court's refusal to credit him for county jail time he alleges he served on the homicide by vehicle convictions.

We set aside the mittimus and remand for a new mittimus consistent with this opinion. We affirm the district court's refusal to give Orte credit for county jail time served before sentencing. We remand for further proceedings to consider whether Orte is entitled to credit for county jail time served after sentencing.

## I. *Background Facts.*

On the night of October 22, 1993, Orte got behind the wheel of his car after several hours of drinking. His car left the road near Camanche at a high rate of speed. The accident killed two of Orte's passengers. At the time, Orte's blood alcohol level was over the legal limit.

## II. *Background Proceedings.*

To understand the issues Orte raises, we need to review his prior criminal convictions. In a prior case, the State charged Orte with possession of cocaine. He was convicted on this charge and sentenced in May 1993 to one year in the Clinton County jail. Apparently the court suspended Orte's sentence and placed him on probation. On April 23, 1994, the court apparently revoked Orte's probation and sentenced him to the Clinton County jail.

In still another case in Clinton County, the State charged Orte with theft in the second degree and third-degree burglary. He was convicted on these charges and was sentenced to a five-year term on each count. The district court ordered the sentences to run concurrently. Orte appealed and the court of appeals reversed the convictions. The court of appeals reversed the convictions under Iowa Rule of Criminal Procedure 27(2)(b) for violations of Orte's speedy trial rights. We took further review, and decided the court of appeals was correct. In a single-justice order filed October 25, 1995, we directed that the court of appeals opinion be published. *See State v. Orte,* 541 N.W.2d 895, 897 (Iowa App.1995).

In the current case, the State filed a two-count trial information against Orte on January 6, 1994. Each count charged Orte with homicide by vehicle.

Orte pleaded guilty to both counts in June. At the August sentencing, the court committed Orte to the custody of the director of the Iowa department of corrections for a term not to exceed ten years on each homicide by vehicle count. The court ordered Orte's sentences to be served concurrently and that these sentences run consecutively to all previously existing sentences. The court with-

held mittimus on the current sentences—homicide by vehicle—until Orte finished serving the remaining eight months on the unrelated drug possession sentence.

## III. *Whether the Mittimus Was Void.*

A. *Applicable law.* Iowa Code section 901.8 governs consecutive sentences. The section pertinently provides that

[i]f a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence.... *If consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment.*

(Emphasis added.)

Under Iowa Code section 903.4,

[a]ll persons sentenced to confinement for a period of one year or less shall be confined in a place to be furnished by the county where the conviction was had unless the person is presently committed to the custody of the director of the Iowa department of corrections, in which case the provisions of section 901.8 apply. *All persons sentenced to confinement for a period of more than one year shall be committed to the custody of the director of the Iowa department of corrections to be confined in a place to be designated by the director* and the cost of the confinement shall be borne by the state.

(Emphasis added.)

B. *The merits.* At the time of sentencing in this case, Orte was already serving a one-year sentence in the county jail for an unrelated drug possession conviction. The district court committed Orte to the custody of the Iowa department of corrections after sentencing him to concurrent ten-year terms on the homicide by vehicle convictions. The court then made the following pertinent comments:

I note that you are now serving a sentence of one year in the Clinton County jail. You were on probation, and your probation was revoked. The original sentence was for possession of a controlled

substance. The mittimus in this case will be withheld until April 23, 1995. In other words, you're going to sit in the Clinton County jail and do every day that you owe this community on that charge before you start serving these sentences that I impose today. I'm not going to run them all at the same time. You serve the sentence you're now serving first, and then you will start serving this one. They will not run simultaneously.

. . . .

Mittimus in this case will be withheld until you have completed your county jail sentence now being served.

One court has described a mittimus this way:

A mittimus is similar to an execution after judgment in a civil case. It is the means by which the judgment of the court is carried out. . . . The purpose of the mittimus is to tell the sheriff, who was not a party to the suit that produced the judgment, who he is to take into custody, why he is to take him, where he is to take him, and for how long.

*Richmond v. Barksdale*, 688 S.W.2d 86, 88 (Tenn.App.1984).

█ Orte relies on sections 901.8 and 903.4. Orte thinks the district court lacked authority to delay mittimus on the current sentences for eight months so that he would have to serve his county jail time on the drug sentence.

The State concedes that sentencing courts cannot fashion sentences in ways that avoid parole ramifications. But the State contends that was not what happened here. The State argues there was no problem with the provisions of sections 901.8 and 903.4. The reason, the State says, is because all the court did was to delay the homicide by vehicle sentences.

We disagree and conclude that the withheld mittimus effectively avoided parole ramifications. Without the withheld mittimus, Orte ordinarily would have served half of his concurrent sentences on the homicide by vehicle convictions. This is so because of the good time provisions. *Bradham v. State*, 480 N.W.2d 28 (Iowa 1992); Iowa Code § 903A.2.

He would then begin serving his remaining eight-month sentence on the drug conviction. Iowa Code § 901.8. At this point he would have been immediately eligible for parole on the drug sentence. *See* Iowa Code § 906.1. Because of the delayed mittimus, Orte would have to serve all of the remaining eight months of his drug sentence.

In *State v. Kapell*, 510 N.W.2d 878 (Iowa 1994), the district court sentenced the defendant to two years on an operating while intoxicated conviction. The court also sentenced the defendant to five days in the county jail on a conviction of driving while suspended. The court ordered the sentences to run consecutively. Vacating the five-day sentence, we said:

[The defendant] correctly argues that the sentences constitute one continuous term of imprisonment under section 901.8. Therefore, in determining the propriety of the court's order [on the five-day sentence], we treat the sentences on both charges as one. Because section 903.4 provides that a sentence of confinement for more than one year must be served in a place designated by the director of the department of corrections, [the defendant] contends that the court imposed an illegal sentence by ordering him to serve five days of his continuous term in the county jail. We agree.

*Id.* at 880.

Similarly here, the sentences for the homicide by vehicle convictions and the drug conviction constitute one continuous term of imprisonment. *See* Iowa Code § 901.8. So in determining the propriety of the mittimus, we treat the sentences on all three convictions as one. Because the sentence of confinement is for more than one year, the department of corrections must designate the place of confinement. *See* Iowa Code § 903.4. The district court could not alter this designation by refusing to issue the mittimus. We see no difference between the effect of the mittimus in this case and the effect of the five-day sentence to the county jail in *Kapell*. In both instances, a part of the continuous sentence would be served in the county jail rather than a place designated

by the director of the department of corrections.

As one court put it,

> [t]he prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence. The mittimus is predicated upon the judgment of conviction and must be in substantial accord therewith. It, of course, cannot vary or contradict the judgment upon which it is based.

*Biddle v. Shirley,* 16 F.2d 566, 567 (8th Cir. 1926) (citations omitted).

Here, too, Orte was detained, not by the mittimus, but by the judgment and sentence on the homicide by vehicle convictions. The mittimus was predicated on that judgment of conviction and could not vary that judgment. Nor could the mittimus vary the terms of section 901.8, which clearly makes all three convictions one continuous sentence. Likewise, the mittimus could not vary the terms of section 903.4, which clearly requires that this continuous sentence be served in a place designated by the department of corrections. The mittimus was therefore void.

### IV. *Whether Orte Was Entitled to Credit for Time Served in the County Jail.*

A. *Applicable law.* Iowa Code section 903A.5 pertinently provides that

> if an inmate [is] confined to a county jail or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence.

■ B. *The merits.* Orte contends that section 903A.5 entitles him to a credit on his current sentence for any time he spent in the county jail relating to the homicide by vehicle convictions. He concedes he is not entitled to credit for any time spent in the county jail (1) while he was out on bond, or (2) for a separate offense.

The State responds that, for two reasons, the court properly refused to give Orte credit for time he spent in the county jail before sentencing on the homicide by vehicle convictions. First, Orte had bonded himself out on the homicide by vehicle charges. Second, any time Orte spent in the county jail after he bonded himself out was for the unrelated drug possession conviction. We agree.

We have repeatedly said a defendant is entitled to credit for time served only when the time served is related to the crime for which the defendant is convicted. *State v. Harrison,* 468 N.W.2d 215, 217 (Iowa 1991) ("[Iowa Code section 903A.5] expressly allows the defendant to receive credit for any presentence confinement relating to the ... conviction."). Orte posted a bail bond on December 30, 1993, on the homicide by vehicle convictions. On April 23, 1994, Orte was incarcerated in the Clinton County jail on the unrelated drug conviction because of a probation violation. The record does not show that the bail bond on the homicide by vehicle convictions was ever released while the present case was pending. In these circumstances, Orte was serving time in the Clinton County jail only on the unrelated drug possession conviction. So the district court correctly concluded Orte was not entitled to credit for time served in the Clinton County jail *before* sentencing in the present case.

### V. *Disposition.*

Because the mittimus in this case is void, we set it aside and remand for a new mittimus consistent with this opinion. The district court correctly denied Orte credit for time served in the Clinton County jail before sentencing on the homicide by vehicle convictions. However, on remand, the district court should consider whether Orte is entitled to credit for time served in the Clinton County jail after sentencing on the homicide by vehicle convictions.

**MITTIMUS SET ASIDE; CASE REMANDED WITH INSTRUCTIONS.**