STATE of Iowa, Appellee,

v.

**Juan Jose Rojas–Cardona a/k/a Pepe Rojas–Cardona, Defendant,**

and

**HAWKEYE BAIL BONDS, SURETY, Appellant.**

No. 96–764.

Supreme Court of Iowa.

June 18, 1997.

---

4. *See* Iowa Code §§ 321J.2(2)(b), (c) (1997).

5. *See* Iowa Code § 714.2(3) (1997).

6. *See* Iowa Code §§ 708.2A(3), (4) (1997).

Roger P. Owens, Des Moines, and Jeanne K. Johnson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, J. Patrick White, County Attorney, and John Bulkley, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

LARSON, Justice.

Hawkeye Bail Bonds is the surety on two bonds posted by Juan Jose Rojas–Cardona (the defendant) in two separate appeals from criminal convictions. After the convictions were affirmed on appeal, the defendant requested and obtained delays in the issuance of the mittimus in each case. When the extended time expired and the defendant did not appear, the court forfeited his bonds. The surety appealed, and we affirm.

Following the defendant's first conviction, the district court sentenced him to an indeterminate sentence not to exceed five years and placed him on probation for two years. In the second case, the court sentenced him to an indeterminate sentence not to exceed five years. The defendant appealed and posted two separate appeal bonds of $1000 and $32,500. Hawkeye was the surety on both bonds. On July 21, 1993, we affirmed the defendant's conviction of the first crime, and on June 28, 1994, the court of appeals affirmed his conviction of the second crime. After each affirmance, the clerk of our court issued a procedendo to the district court. The district court received the first procedendo on August 13, 1993, and the second on August 5, 1994.

In the meantime, the defendant was arrested and tried in New Mexico. A federal district court there convicted him of a drug offense. Because this conviction constituted a violation of probation under the defendant's first Iowa conviction, the State filed an application for probation revocation on April 1, 1994. The court eventually set a hearing on this matter for August 5, 1994.

The defendant knew that the second Iowa conviction had been affirmed and that he would therefore soon be subject to the issuance of the mittimus in Iowa. However, because this mittimus would interfere with the sentencing then pending in federal court in New Mexico, set for August 1994, he applied for a stay of mittimus on both of his Iowa convictions. On August 5, 1994, the court extended the issuance of the mittimus until

September 9, 1994. Sentencing in the federal court was delayed twice. The defendant applied for and was granted two more extensions from the Iowa court withholding mittimus, and he was finally ordered to surrender himself on November 15, 1994. The defendant failed to appear on November 15, and the district court ordered that his bail bond be forfeited.

Hawkeye raises three issues on appeal: (1) whether the court's delays in the issuance of the mittimus were illegal, thus relieving the surety of its obligation; (2) whether extending the mittimus improperly modified Hawkeye's obligation; and (3) whether the defendant's appearance at the August 5, 1994 probation revocation hearing constituted an appearance that would satisfy Hawkeye's obligation.

The State raises issues regarding ripeness, Hawkeye's standing to object to the forfeiture, and Hawkeye's failure to preserve error on some of the issues. We summarily reject these objections, finding no merit in them, and therefore proceed to the merits of the appeal.

### I. *Authority to Delay Mittimus.*

■ We have described a mittimus as similar to an execution after judgment in a civil case. It is the means by which the judgment of the court is carried out.... The purpose of the mittimus is to tell the sheriff, who was not a party to the suit that produced the judgment, who he is to take into custody, why he is to take him, where he is to take him, and for how long.

*State v. Orte,* 540 N.W.2d 435, 437 (Iowa 1995) (quoting *Richmond v. Barksdale,* 688 S.W.2d 86, 88 (Tenn.Ct.App.1984)). Hawkeye argues that the district court did not have the authority to withhold mittimus after the appeals were completed because no statute grants such authority. The State responds that the district court had inherent authority to do so because no statute or rule prohibits it.

Following disposition on appeal, the district court is vested with jurisdiction when procedendo is issued. Iowa Code § 814.25 (1993). When a defendant's conviction is af-

firmed, "the original judgment shall be carried into execution as the appellate court shall direct." Iowa Code § 814.23.

■ A procedendo is said to be an order by the appellate court requiring a lower court to proceed to judgment. *State ex rel. Garnett v. Lyons,* 44 Ohio St.2d 125, 339 N.E.2d 628, 630 (1975).

■ Iowa Code section 814.26 provides:

Unless some proceeding in the district court is directed, copies of the judgment of the district court and of the decision on appeal ... shall be delivered to the sheriff or the proper officer as an execution. The sheriff or proper officer shall be authorized to execute the judgment of the court or take any legal measures required to bring the action to a conclusion.

Hawkeye reads this section to require the district court to immediately order mittimus against a defendant whose conviction has been affirmed. However, we read it as simply setting forth the procedure for execution, not time limitations for it.

In this case, each procedendo directed the court "to proceed with diligence and according to law *in the same manner as if there had been no appeal.*" (Emphasis added.) If there had been no appeal, the district court could have delayed issuance of the mittimus because Iowa Rule of Criminal Procedure 24(1)(a), which provides for the order of confinement, does not limit the time for doing so. Thus, if the district court were to proceed "in the same manner as if there had been no appeal," it could clearly order issuance of the mittimus on its own timetable.

Courts in other jurisdictions have found that a delay in the execution of a sentence is allowable when it is incident to the administration of justice. *See Gillespie v. Walker,* 296 F. 330, 332 (4th Cir.1924) ("[W]hile the [federal] District Courts are without power to extend the rendition of their judgments and the execution of their sentences with a view of paroling or pardoning an accused, they may nevertheless do so where it becomes incidentally necessary in the administration of justice."); *State v. Webber,* 382 N.W.2d 567, 568 (Minn.App.1986) (holding trial court did not abuse its discretion by

ordering a stay of execution rather than a stay of imposition). *See generally* 24 C.J.S. *Criminal Law* § 1547, at 136 (1989) ("It is generally held that the court has power temporarily to postpone the execution of its sentence for any valid purpose incidentally necessary in the administration of justice.").

We conclude that nothing in the statutes prohibited the extension of the time for issuance of the mittimus.

## II. *Modification of the Bonds.*

■ Hawkeye argues that, even if the court had authority to delay mittimus, Hawkeye would still not be liable because with such delay, the court in effect modified the bond and relieved Hawkeye of liability. In *State v. Costello,* 489 N.W.2d 735, 737–38 (Iowa 1992), we said:

> A court admits a defendant to bail in order to assure his appearance in court. In assuming the position of bail the surety becomes obligated to produce the accused in open court when his presence is required. Stated otherwise, when the State releases a defendant from confinement it commits him to the exclusive custody of his surety, who becomes "the jailer of his own choosing."
>
> If the surety fails to produce its principal at the appointed time, a judgment shall be entered by the court. These proceedings for forfeiture of bail and judgment therein are civil actions, which may only be enforced in strict compliance with the statute.

(Quoting *State v. Zylstra,* 263 N.W.2d 529, 531 (Iowa 1978)).

According to the terms of these appeal bonds, Hawkeye agreed that defendant would "surrender himself in execution of the judgment and the direction of the Supreme Court." Hawkeye argues that by delaying mittimus, the district court modified the terms of this bond. In support of this modification argument, Hawkeye cites *State v. Vendrell,* 197 N.J.Super. 232, 484 A.2d 720 (1984), in which the superior court of New Jersey held that

> a bail-bond surety is released from his undertaking as a matter of law if there is a

modification of its agreement of which he has no notice and to which he does not consent, provided the modification materially increases his risk.

*Vendrell,* 484 A.2d at 722. This case must be distinguished on its facts. In *Vendrell,* the lower court attempted to modify the bond by extending a pretrial bond to a posttrial bond without the consent of the surety.

The bonds in the present case clearly required the surety to surrender the defendant in execution of the supreme court's judgment; they did not require the surrender by a certain date. *See* Lee R. Russ, Annotation, *Bail: Duration of Surety's Liability on Posttrial Bail Bond,* 32 A.L.R.4th 575, 580–84 (1984) (annotating cases that generally hold that, following the appellate court's affirmance of the conviction, the bond remained in effect until the defendant was taken into custody). We conclude that the court's extension of the time for execution of the judgments did not modify the bail bonds so as to relieve Hawkeye of its liability.

## III. *The Appearance at the Revocation Hearing.*

■ Hawkeye argues that it should have been relieved from payment under the bonds because the defendant appeared for the August 5, 1994 hearing on the revocation of his probation.

According to the appeal bonds in this case, Hawkeye agreed that the defendant would "surrender himself in execution of the judgment and the direction of the Supreme Court." The defendant appeared in court on August 5, 1994, for his revocation hearing, and the court revoked his probation but delayed mittimus for the second time. The court continued to hold mittimus until it was finally set for November 15, 1994. The defendant did not appear at that time.

The case on which Hawkeye relies, *State v. Zimmerman,* 112 Iowa 5, 83 N.W. 720 (1900), must be distinguished. In *Zimmerman* the bond required the defendant "to appear and answer the indictment, and abide the orders and judgment of the court, and not depart without leave of the same." The defendant appeared for the sentencing hearing, and the

court put him in custody of the sheriff. Then, pursuant to the defendant's request, the court released the defendant so that he could retrieve the cash for his fine. *Zimmerman,* 112 Iowa at 6–7, 83 N.W. at 721. The defendant failed to appear again, and the court refused to forfeit the bond. It held that once the defendant was in the custody of the sheriff, the surety no longer had an obligation to secure his surrender. *Id.* at 7, 83 N.W. at 721.

In the present case, however, the bond required that the defendant surrender himself in execution of the judgment. This never occurred. Although the defendant was in the presence of the court after the appeal on August 5, 1994, the actual execution of his judgment was not set until November 15, 1994. The defendant did not appear, and the terms of the bond were not fulfilled.

We agree with the district court that Hawkeye remains liable under these appeal bonds and therefore affirm.

**AFFIRMED.**