THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VINCENT HARLAND, Defendant-Appellant.

Third District   Nos. 3—96—1093, 3—96—1094 cons.

Opinion filed April 9, 1998.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Vincent Harland, was convicted of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401 (West 1992)), unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1 (West 1992)), unlawful possession of cannabis (720 ILCS 550/4 (West 1992)), and obstruction of justice (720 ILCS 5/31—4 (West 1994)). He was sentenced to concurrent prison terms of 8 years, 4 years and 30 days for the possession with intent to deliver, possession of a weapon, and possession of cannabis charges. In addi-

tion, he was sentenced to a consecutive term of three years' imprisonment for the obstruction of justice charge. Judgment on these convictions was entered in February 1995.

On August 7, 1995, the defendant was sentenced to two prison terms by a court in Iowa. These terms were to run consecutively to each other and totalled 15 years. The mittimus was issued by the Iowa court on August 21, 1995. On September 15, 1995, the defendant filed *pro se* motions in Illinois asking the court to order his Iowa and Illinois sentences to be served concurrently. The trial court found that his motion was not timely and denied it.

The sole issue on appeal is whether the trial court properly ruled that the defendant's motion was barred by the passage of time.

■ Section 5—8—4(a) of the Unified Code of Corrections provides that when a defendant, previously convicted and sentenced to prison in Illinois, is subsequently convicted and sentenced to prison in another state, the defendant may petition the Illinois court for an order requiring that his sentences be served concurrently. 730 ILCS 5/5—8—4(a) (West 1996). In order to be eligible for this consideration, the defendant must apply to the Illinois court within 30 days after the sentence imposed in the other jurisdiction is "finalized." 730 ILCS 5/5—8—4(a) (West 1996). In Iowa, a judgment of conviction is final when the sentence is pronounced. *State v. Sullivan*, 326 N.W.2d 361 (Iowa 1982).

■ According to Iowa law, the defendant's conviction was "final" when his sentence was pronounced—August 7, 1995. The defendant was required to file his motion with the Illinois court within 30 days of that date, or September 6, 1995. The defendant did not file his motion until September 15, 1995. Thus, the motion was untimely.

The defendant contends that the Iowa judgment was not final until the mittimus was issued. We disagree. As the court outlined in *State v. Orte*, 540 N.W.2d 435 (Iowa 1995), the mittimus is not part of the judgment. It is the method by which the judgment is executed. Of necessity, then, the judgment must be final before the mittimus is issued.

In short, we hold that the defendant's Iowa conviction was final on August 7, 1995. Thereafter, the defendant failed to file his motion for concurrent sentences within 30 days. The trial court thus lacked jurisdiction to consider the motion and properly denied it.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HOLDRIDGE and HOMER, JJ., concur.