PATRICIA M. DAY, Plaintiff v. ROY WILSON DAY, Defendant

No. COA06-404

(Filed 19 December 2006)

**Appeal and Error— record insufficient**

Defendant's appeal was dismissed for failure to settle the record on appeal where the proposed record consisted of a one-page letter sent to plaintiff's counsel that amounted to little more than an index of the contents of a proposed record.

Appeal by defendant from order entered 28 December 2005 by Judge Paul G. Gessner in Wake County District Court. Heard in the Court of Appeals 21 September 2006.

*Law Office of Sally Scherer, by Sally H. Scherer, for plaintiff-appellee.*

*Roy Wilson Day, pro se, defendant-appellant.*

**DAY v. DAY**

[180 N.C. App. 685 (2006)]

GEER, Judge.

Defendant Roy Wilson Day appeals an order of the district court awarding defendant's former spouse, plaintiff Patricia M. Day, judgment on the pleadings with respect to plaintiff's action for the specific performance of a provision in a settlement agreement entered into by the parties after their divorce. Because of defendant's failure to properly settle the record on appeal, in violation of N.C.R. App. P. 11(b), and his failure to take any steps to remedy this violation once it was called to his attention, we grant plaintiff's motion to dismiss his appeal.

## Facts

Plaintiff and defendant were married in 1965 and divorced in 1989. In 1995, the parties entered into a "Settlement and Release Agreement" relating to the dissolution of their marriage. Paragraph 10 of this agreement provides that:

> [Defendant] shall continue to maintain unencumbered insurance coverage on his life in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), naming [plaintiff] as beneficiary, and shall execute any and all documentation necessary to enable [plaintiff] to independently verify the coverage and the identity of the beneficiary, and to confirm that the coverage is unencumbered.

It is undisputed that defendant has not maintained the insurance coverage required by this provision.

On 17 June 2005, plaintiff filed a verified complaint in Wake County District Court seeking specific performance of the insurance provision. Defendant filed an unverified answer admitting that he had failed to maintain the required insurance, but contending that he and plaintiff had mutually agreed to forego the life insurance requirement of the Settlement and Release Agreement. Defendant alleged that, as a result, plaintiff's claims were barred by various affirmative defenses, including condonation, equitable estoppel, and laches.

In October 2005, plaintiff filed a motion for judgment on the pleadings. The district court granted plaintiff's motion on 28 December 2005 and ordered defendant to "maintain unencumbered insurance coverage on his life" in the amount of $250,000.00 and to execute any documentation necessary to permit plaintiff to ensure the coverage complied with the Settlement and Release Agreement.

Defendant timely appealed to this Court. Under Rule 11, defendant was then required, within 35 days after filing his notice of appeal, either (1) to settle a proposed record by agreement as set forth in N.C.R. App. P. 11(a), or (2) to "serve upon all other parties a proposed record on appeal constituted in accordance with the provisions of Rule 9" under N.C.R. App. P. 11(b). Since there was no settlement by agreement, the question is whether defendant complied with Rule 11(b).

In response to plaintiff's motion to dismiss this appeal, defendant has acknowledged that his "proposed record on appeal," as served on plaintiff, amounted solely to a letter to plaintiff's counsel that stated in its entirety:

> Pursuant to North Carolina Rule of Appellate Procedure 11, I am serving upon you my proposed record on appeal:
>
> 1. Complaint filed June 17, 2005.
>
> 2. Answer filed August 29, 2005.
>
> 3. Amended Answer filed September 23, 2005.
>
> 4. Plaintiff's Motion for Judgment on the Pleadings with amendments filed October 13, 2005.
>
> 5. Final Order signed by Judge Paul G. Gessner entered December 28, 2005.
>
> 6. Statement that Jurisdiction over the Defendant was obtained by personal service of the complaint at Defendant's residence in Florida.
>
> Please advise whether you approve the proposed record or if you have any amendments thereto.

No documents were attached to this letter.

While defendant contends that this one-page letter complied with Rule 11(b), that Rule also requires that the proposed record on appeal be "constituted in accordance with the provisions of Rule 9." Under Rule 9, records on appeal from civil proceedings must contain a variety of items, including, among other things, an index, copies of the pleadings, and "so much of the evidence" and "other papers filed . . . in the trial court [as is] necessary to an understanding of all errors assigned . . . ." N.C.R. App. P. 9(a)(1). Not by any stretch of the imagination can defendant's one-page letter—amounting to little more

than an index of the contents of a proposed record—be viewed as complying with the requirements of Rules 9 and 11 of the Rules of Appellate Procedure.

Defendant argues that the record on appeal was nevertheless settled because plaintiff never objected to his list and that this "failure to object within the time allowed operates as a waiver of objection." It is true that if an appellee does not serve "objections, amendments, or proposed alternative records on appeal, appellant's proposed record on appeal thereupon constitutes the record on appeal." N.C.R. App. P. 11(b). The plain language of this rule, however, places a duty on an appellee to object only after the appellant serves a proposed record "constituted in accordance with the provisions of Rule 9." Since defendant never served plaintiff with a proposed record on appeal, there was nothing to which plaintiff could object.

Even apart from defendant's failure to comply with Rule 9, his argument does not address the fact that the letter he sent to plaintiff's counsel was not in fact his proposed record on appeal. The record on appeal filed with this Court includes not only the documents itemized in the letter, but also a statement of the organization of the trial tribunal, the notice of appeal, a statement regarding defendant's contentions as to the settlement of the record, defendant's assignments of error, and a specification of the parties to the appeal. The document filed with this Court as the settled record on appeal was never in fact served on plaintiff as a proposed record on appeal. Further, when this omission was called to defendant's attention, he did not seek an extension of his time to serve the proposed record on appeal or take any other action to correct his error.

Our Court has repeatedly held that the failure to serve a proposed record on appeal in accordance with Rule 11 is a substantial violation of the rules requiring dismissal of the appeal. *See, e.g., Higgins v. Town of China Grove,* 102 N.C. App. 570, 571-72, 402 S.E.2d 885, 886 (1991) (dismissing appeal when the appellant filed record on appeal with Court of Appeals without first serving it as a proposed record on appeal on the appellee); *Woods v. Shelton,* 93 N.C. App. 649, 652, 379 S.E.2d 45, 47 (1989) (dismissing appeal when the appellant did not tender a proposed record on appeal to the appellee within the required time limit); *McLeod v. Faust,* 92 N.C. App. 370, 371, 374 S.E.2d 417, 417 (1988) (dismissing appeal when the appellant filed a record on appeal with the Court of Appeals without giving the appellee an opportunity to object to it).

DAY v. DAY

[180 N.C. App. 685 (2006)]

Failure to properly serve a proposed record on appeal is not a mere technical violation. Indeed, a review of the briefs filed in this action indicates that a critical issue for resolution on appeal is whether the trial court considered only the pleadings, as defendant contends, or whether the court also took judicial notice of the court file in the parties' prior judicial proceedings, as plaintiff contends. Plaintiff has argued that the record on appeal, as filed, omits documents considered by the trial judge and supporting his order, while defendant urges that the documents relied upon by plaintiff are outside the record. Because of defendant's failure to properly settle the record on appeal, we cannot know whether the disputed judicial notice occurred or not. As defendant failed to properly settle the record, and has made no remedial efforts to address this issue, we dismiss this appeal.

Dismissed.

Judges STEELMAN and STEPHENS concur.