**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1870**

NATIONAL LEAGUE OF JUNIOR COTILLIONS, INCORPORATED,

          Plaintiff - Appellee,

    v.

CHRISTY D. PORTER; COLORADO JUNIOR COTILLION, LLC,

          Defendants - Appellants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cv-508-RJC-CH)

Submitted:  May 28, 2008         Decided:  June 6, 2008

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael W. Reagor, PETERSON DYMOND REAGOR LLP, Greenwood Village, Colorado, for Appellants.  William E. Moore, Jr., GRAY, LAYTON, KERSH, SOLOMON, SIGMON, FURR & SMITH, PA, Gastonia, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

National League of Junior Cotillions, Incorporated ("NLJC") filed a civil action against Christy Porter ("Porter") and the Colorado Junior Cotillion ("CJC") alleging a breach of the parties' licensing agreement ("Agreement") and related claims. The district court granted NLJC's motion for a preliminary injunction, finding that Porter's CJC activities in a neighboring county likely violated the non-compete clause of the Agreement. On appeal, Porter and CJC allege that the Agreement is too ambiguous to be enforced and therefore the court erred by granting NLJC's motion for a preliminary injunction. For the reasons that follow, we affirm.

In North Carolina covenants not to compete are enforceable. A.E.P. v. Indus., Inc. v. McClure, 302 S.E.2d 754, 761 (N.C. 1983); Kennedy v. Kennedy, 584 S.E.2d 328, 333-34 (N.C. App. 2003). Construing the contract as a whole, State v. Corl, 293 S.E.2d 264, 267 (N.C. App. 1982), and giving the language at issue its normal and common usage, Marcoin, Inc. v. McDaniel, 320 S.E.2d 892, 897 (N.C. App. 1984), we find the district court's interpretation of the non-compete clause supportable. Thus, we find no abuse of discretion in the district court's decision to grant the preliminary injunction in light of the likely breach of the Agreement. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1055 (4th Cir. 1985) (providing review

standard for preliminary injunction); see Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812-14 (4th Cir. 1991) (discussing factors to consider when ruling on motion for preliminary injunction).

Accordingly, we affirm. We grant NLJC's motion to submit on briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We deny as moot NLJC's motion for summary disposition.

AFFIRMED

- 3 -