TYSON, Judge.
 

 *696
 
 The Watauga County Board of Education (the "Board") appeals from an order allowing the United States Surety Company's ("Surety")
 

 *302
 
 motion to set aside a bond forfeiture. We affirm.
 

 *697
 

 I. Background
 

 Debby Rominger Isaacs ("Defendant") failed to appear for her scheduled court date in Watauga County District Court on 6 December 2016. The court issued an order for her arrest. The Watauga County Clerk of Court issued a bond forfeiture notice in the amount of $10,000 to Defendant, Surety, and Surety's bail agent on 9 December 2016. Notice was mailed to all parties the same day. Surety served the order for arrest and surrendered Defendant to the Watauga County sheriff on 2 May 2017.
 

 Surety's bail agent timely filed a motion to set aside the bond forfeiture on 8 May 2017, 150 days after forfeiture notice. Form AOC-CR-213, the preprinted form used for motions to set aside, lists seven reasons, pursuant to N.C. Gen. Stat. § 15A-544.5, for which a bond forfeiture may be set aside, with corresponding boxes for a movant to mark the alleged basis or grounds for setting aside the forfeiture. In the present case, the motion to set aside filed by Surety's bail agent indicated reason number four, N.C. Gen. Stat. § 15A-544.5(b)(4), that Defendant had been served with an order for arrest for the failure to appear on the bonded criminal charge, as evidenced by a copy of an official court record including an electronic record.
 

 However, attached to Surety's motion to set aside was the warrant for Defendant's initial arrest, dated 21 September 2016, rather than the order for arrest for Defendant's failure to appear, served on 2 May 2017. The Board objected to the motion to set aside. A hearing was set for 25 May 2017, 167 days after notice of forfeiture.
 

 At the hearing, Surety submitted a handwritten motion to amend its motion to set aside, including what turned out to be an incomplete copy of the 2 May 2017 order for arrest without the certificate of service. Surety's amended motion sought to include N.C. Gen. Stat. § 15A-544.5(b)(3) as an additional reason to set aside forfeiture evidenced by a copy of Defendant's surrender to the sheriff, dated 2 May 2017. Surety then orally moved to amend its amended motion to set aside, in order to include the complete copy of the order for arrest served on 2 May 2017.
 

 The trial court was concerned about the wrong documentation being attached, and the amended motion with supplemental information, being filed the morning of the hearing. The trial court allowed Surety 15 days to supplement and for the Board to object and request a new hearing. The trial court found there had "been no justification or excuse for [Surety] filing the wrong form, and that the [Board] filed the good faith objection" and the Board had incurred both fees and extra
 
 *698
 
 time in this matter because of a "completely willful error" by Surety. Surety's counsel indicated Surety would pay for the Board's fees for that hearing.
 

 The Board's counsel indicated that after the 15 day period to supplement, the Board would not be able to object and would not waste time requesting a new hearing. Instead, counsel indicated the Board's intention to appeal and requested the trial court to issue its ruling on the bond motion. The trial court found Defendant had been served with an order for arrest, evidenced by a copy of an official court record, the Surety had cited a correct statutory reason to set aside the forfeiture, and took judicial notice of the file as evidence to show Defendant was served with the order of arrest.
 

 The trial court filed a written order on 4 August 2017, which granted Surety's motion to set aside on the grounds that "one of the statutory grounds is satisfied as Defendant was arrested on an order for arrest prior to the final judgment date of May 8, 2017." The order indicated the "conclusions of law dispose[d] of the matter and [did] not reach Surety's motion to amend[,]" but also granted Surety's motion to amend. The Board appeals.
 

 II. Jurisdiction
 

 This Court possesses jurisdiction pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-544.5(h) (2017).
 

 III. Issues
 

 The Board argues the trial court erred when it considered matters outside the filed motion and took judicial notice of Defendant's later arrest warrant. The Board also
 
 *303
 
 argues the trial court erred when it allowed an amendment and evidence presented after the final forfeiture date.
 

 IV. Standards of Review
 

 "In an appeal from an order setting aside a bond forfeiture, the standard of review for this Court is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts."
 
 State v. Knight
 
 , --- N.C. App. ----, ----,
 
 805 S.E.2d 751
 
 , 753 (2017) (citation and internal quotation marks omitted). "[T]he standard of review of a trial court's decision to exclude or admit evidence is that of an abuse of discretion. An abuse of discretion will be found only when the trial court's decision was so arbitrary that it could not have been the result of a reasoned decision."
 

 *699
 

 Brown v. City of Winston-Salem
 
 ,
 
 176 N.C. App. 497
 
 , 505,
 
 626 S.E.2d 747
 
 , 753 (2006) (citations and internal quotation marks omitted).
 

 V. Analysis
 

 A. Bond Forfeiture
 

 Following a bonded defendant's failure to appear, "the court shall enter a forfeiture ... against each surety on the bail bond." N.C. Gen. Stat. § 15A-544.3(a) (2017). The court must give written notice of this entry of forfeiture to the defendant and any surety listed on the bail bond, to be delivered via first-class mail. N.C. Gen. Stat. § 15A-544.4 (2017). This notice requirement triggers a 150-day period in which the defendant, "any surety," a "professional bondsman or runner acting on behalf of a professional bondsman," or a "bail agent acting on behalf of an insurance company" may file a written motion to set aside the forfeiture. N.C. Gen. Stat. § 15A-544.5(d) (2017).
 

 Bond forfeiture will only be set aside for compliance with one of seven statutorily enumerated reasons. Each of the seven reasons requires proof. The statute provides, in relevant part:
 

 (3) The defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540,
 
 as evidenced by
 
 the sheriff's receipt provided for in that section.
 

 (4) The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question
 
 as evidenced by
 
 a copy of an official court record, including an electronic record.
 

 N.C. Gen. Stat. § 15A-544.5(b)(3)-(4) (2017) (emphasis supplied).
 

 The board of education may object to the motion to set aside, and when such a written objection is filed, a hearing on the motion will be held within 30 days. N.C. Gen. Stat. § 15A-544.5(d)(5).
 

 B. Judicial Notice
 

 The Board argues the trial court erred in considering matters outside the filed notice and taking judicial notice of the file as evidence Defendant was served with the order of arrest. We disagree.
 

 "A court may take judicial notice, whether requested or not." N.C. Gen. Stat. § 8C-1, Rule 201(c) (2017). Rule 201 only applies to "adjudicative facts."
 

 Id.
 

 "With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy." N.C. Gen. Stat. § 8C-1, Rule 201 advisory committee note.
 

 *700
 
 "A trial court may take judicial notice of earlier proceedings in the same cause," including matters in the file not offered into evidence.
 
 See
 

 In re Isenhour
 
 ,
 
 101 N.C. App. 550
 
 , 552-53,
 
 400 S.E.2d 71
 
 , 72-73 (1991) (finding the trial court did not err when it made "plain that it had reviewed the file and was considering the history of the case in conducting the hearing" and "[n]either party was required to offer the file into evidence");
 
 see also
 
 Kenneth S. Broun,
 
 Brandis & Broun on North Carolina Evidence
 
 § 26 (7th ed.) ("there also seems little reason why a court should not notice its own records in any prior or contemporary case when the matter noticed has relevance").
 

 Here, the trial court took judicial notice of a fact "beyond reasonable controversy." It is undisputed that Defendant was served with an order of arrest on 2 May 2017, prior to the 150-day statutory deadline. The trial court attached the 2 May 2017 order of arrest
 
 *304
 
 as an exhibit to the court's order. Counsel for the Board acknowledged that with the inclusion of the entire 2 May 2017 order of arrest, the Board would have no grounds to object to Surety's motion to set aside the bond forfeiture.
 

 The trial court did not abuse its discretion when it admitted the 2 May 2017 order for arrest into the record. The Board's argument is overruled.
 

 C. Motion to Amend
 

 The Board contends the trial court committed reversible error by granting Surety's motion to amend and allowing Surety to attach the appropriate order for arrest after the expiration of the 150-day period. We disagree.
 

 "[A] bond forfeiture proceeding, while ancillary to the underlying criminal proceeding, is a civil matter[,]" and the rules of civil procedure apply.
 
 State ex rel. Moore Cty. Bd. of Educ. v. Pelletier
 
 ,
 
 168 N.C. App. 218
 
 , 222,
 
 606 S.E.2d 907
 
 , 909 (2005). "Under Rule 15(a) of the North Carolina Rules of Civil Procedure, leave to amend a pleading shall be freely given except where the party objecting can show material prejudice by the granting of a motion to amend."
 
 Martin v. Hare
 
 ,
 
 78 N.C. App. 358
 
 , 360,
 
 337 S.E.2d 632
 
 , 634 (1985) (citation omitted). This liberal policy for amendment supports "the essence of the Rules of Civil Procedure that decisions be had on the merits and not avoided on the basis of mere technicalities."
 
 Mangum v. Surles
 
 ,
 
 281 N.C. 91
 
 , 99,
 
 187 S.E.2d 697
 
 , 702 (1972).
 

 "A motion to amend is addressed to the discretion of the trial court."
 
 Henry v. Deen
 
 ,
 
 310 N.C. 75
 
 , 82,
 
 310 S.E.2d 326
 
 , 331 (1984). "The party opposing the amendment has the burden to establish that it would
 
 *701
 
 be prejudiced by the amendment."
 
 Carter v. Rockingham Cty. Bd. of Educ.
 
 ,
 
 158 N.C. App. 687
 
 , 690,
 
 582 S.E.2d 69
 
 , 72 (2003) (citation omitted). "Rulings on motions to amend after the expiration of the statutory period are within the discretion of the trial court[.]"
 
 Lee v. Keck
 
 ,
 
 68 N.C. App. 320
 
 , 326,
 
 315 S.E.2d 323
 
 , 328 (1984).
 

 The Board argues that allowing an amendment after the expiration of the 150-day statutory period to challenge would cause undue prejudice to the Board and cites to an unpublished opinion of this Court for support. In
 
 State v. Cook
 
 , the sureties filed a motion to set aside forfeiture, but failed to attach the order for arrest supporting the motion.
 
 228 N.C. App. 360
 
 ,
 
 748 S.E.2d 775
 
 ,
 
 2013 WL 3776968
 
 at *1 (unpublished). The board of education filed an objection, and the sureties filed an amended motion with the required documentation.
 

 Id.
 

 Because the "amendment was filed prior to the hearing on sureties' motion and within the statutory time limit pursuant to N.C. Gen. Stat. § 15A-544.5(d)(1)," it prevented "any unfair prejudice" to the board of education.
 
 Id.
 
 at *3. This Court did not address the issue of whether a motion to set aside filed within the statutory period could be amended after the expiration of the 150 days.
 
 Id.
 
 at *3, n.1.
 

 The Board argues that to allow an amendment to the motion after the statutory time period creates undue prejudice because a school board "can no longer rely on the time limit as set forth by the General Assembly." Further, when a school board files an objection it "expends precious and limited tax payer funds ... in anticipation ... that [it] will prevail because the [s]urety filed a faulty motion and the statutory time period has passed."
 

 By its own admission, the only prejudice the Board faced as a result of the trial court allowing the amendment was the added time of its attorney. In this case, recognizing the possible harm and cost to the Board, Surety offered to pay the Board's attorney's fees incurred for the hearing. Surety's offer was consistent with the statutory remedy available in this instance:
 

 If at the hearing [to set aside forfeiture] the court determines that the ... documentation required to be attached ... was not attached to the motion at the time the motion was filed, the court may order monetary sanctions against the surety filing the motion, unless the court also finds that the failure ... to attach the required documentation was unintentional.
 

 *702
 

 *305
 
 N.C. Gen. Stat. 15A-544.5(d)(8) (2017). Although the Board did not request the trial court impose sanctions, this statutory provision indicates the General Assembly's intent to allow the trial court discretion to resolve such missteps, and that Surety's errors did not as a matter of law preclude it from obtaining relief.
 

 The Board's position to not allow an amendment tends to contradict the intended policy of the bond system: "[t]he goal ... is the production of the defendant, not increased revenues for the county school fund."
 
 State v. Locklear
 
 ,
 
 42 N.C. App. 486
 
 , 489,
 
 256 S.E.2d 830
 
 , 832 (1979). The Board's arguments are overruled.
 

 VI. Conclusion
 

 When the motion to set aside cites to at least one statutory reason, supported by evidence, the trial court must grant the motion. N.C. Gen. Stat. § 15A-544.5(a, b) ("a forfeiture
 
 shall
 
 be set aside for any one of the following reasons" (emphasis supplied) ). The record contains competent evidence to support the trial court's granting of Surety's motion to set aside.
 

 As part of its ruling, the trial court correctly expressed reservations about the last minute substitution of the timely order for arrest and receipt of the surrender of Defendant to the sheriff. We agree sanctions would have been appropriate if Surety had not attempted to remediate its own initial failings, or if the Board had not accepted the Surety's offer of attorney's fees as a sanction. However, under these facts, the Board has failed to show any prejudice or that the trial court abused the discretion given to it under the North Carolina Rules of Evidence, North Carolina Rules of Civil Procedure, and the express provisions of the statute itself.
 

 The Board has failed to show the trial court abused its discretion in taking judicial notice of the court's file and of the timely and appropriate order for arrest and surrender of Defendant.
 
 See
 

 In re Isenhour
 
 ,
 
 101 N.C. App. at 552-53
 
 ,
 
 400 S.E.2d at 72-73
 
 . Whether to allow Surety's motion to amend under Rule 15 also rested within the trial court's discretion.
 

 The Board failed to show how allowing the amendment to include undisputed facts in the court file caused "material prejudice."
 
 See
 

 Martin
 
 ,
 
 78 N.C. App. at 360
 
 ,
 
 337 S.E.2d at 634
 
 . The trial court's ruling is affirmed.
 
 It is so ordered.
 

 AFFIRMED.
 

 Judges INMAN and BERGER concur.