IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-77

Filed 6 August 2024

Lenoir County, No. 18 CRS 51929

STATE OF NORTH CAROLINA

v.

LEON MAYE A.K.A. DANNY BROWN, Defendant,

KENYA L. RODGERS, Bail Agent,

and

1ST ATLANTIC SURETY COMPANY, Surety.

Appeal by Surety from order entered 28 September 2023 by Judge Imelda J. Pate in Lenoir County Superior Court. Heard in the Court of Appeals 29 May 2024.

*Practus, LLP, by M. Brad Hill, for Other-Appellant 1st Atlantic Surety Company.*

*Mintz Law Firm, PLLC, by Rudolph I. Mintz, III, for Other-Appellee Lenoir County Board of Education.*

*Tharrington Smith LLP, by Stephen G. Rawson, for Other-Appellee Lenoir County Board of Education.*

CARPENTER, Judge.

1st Atlantic Surety Company ("ASC") appeals from the trial court's order denying ASC's motion to set aside its bond forfeiture. After careful review, we agree with ASC: The trial court erred by denying ASC's motion to set aside. We reverse and remand.

## I. Factual & Procedural Background

On 17 October 2018 in Lenoir County Superior Court, ASC posted a $35,000 bail bond for Leon Maye ("Defendant"). On 30 January 2023, Defendant failed to appear for court, so the trial court entered a bond-forfeiture notice.

On 13 July 2023, ASC filed a motion to set aside the bond forfeiture. The motion included several copies of orders for Defendant's arrest. On 2 August 2023, the Lenoir County School Board (the "Board")[1] filed an objection to ASC's motion. The objection included a notice of hearing, which incorrectly listed the hearing date as 2 August 2023; the hearing date was actually 30 August 2023. In an affidavit attached to its motion to dismiss this appeal, the Board asserts that it remedied its mistake by mailing ASC a corrected notice of hearing.

On 30 August 2023, the trial court heard this matter, but ASC did not appear. On 28 September 2023, the trial court entered an order (the "Order") denying ASC's motion to set aside. In the Order, the trial court found that: the Board properly mailed copies of the objection and notice of hearing; all parties were properly served; and ASC did not appear at the hearing. The trial court concluded by denying ASC's motion to set aside. The Order does not state why the trial court denied the motion to set aside, but a narrative from the hearing states that the trial court "reviewed the court file, and in the absence of any representative of [ASC], denied the motion to set

---

[1] A local board of education is authorized to act in place of the State concerning objections to bond forfeitures. *See* N.C. Gen. Stat. § 15A-544.5(d)(3) (2023).

aside and asked [the Board] to prepare a written order to that effect."

On 27 October 2023, ASC filed notice of appeal. On 11 March 2024, the Board filed a motion to dismiss this appeal. That same day, the Board also filed a motion to amend the record.

In its motion to dismiss, the Board argues that ASC violated Rules 9 and 11 of our Rules of Appellate Procedure. Concerning Rule 11, the Board asserts that ASC never served it with a proposed record. Nonetheless, on 26 January 2024, ASC served and filed a purportedly settled record. ASC, however, argues that it did serve a proposed record on 11 December 2023, and thus, the record was necessarily settled on 13 January 2024.

Concerning Rule 9, the Board complains that the purportedly settled record lacks an amended notice of hearing that the Board mailed to ASC on 4 August 2023. The Board also complains that the record lacks a transcript or a narrative from the objection hearing.

In its motion to amend, the Board asks to amend the record to include: three letters containing the amended notice of hearing; an appearance bond for Defendant; documentation of a power of attorney concerning Defendant's bond; and a narrative from the objection hearing. In response, ASC says that it "does not object to [the Board] seeking to amend the Record on Appeal."

## II. Jurisdiction

We have jurisdiction over this case under N.C. Gen. Stat. § 7A-27(b)(1) (2023).

We may, however, sanction parties for failing to adhere to our Rules of Appellate Procedure, N.C. R. App. P. 25(b), and we may do so by dismissing their appeal, N.C. R. App. P. 34(b)(1). But "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008). Rather, "only in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate." *Id.* at 200, 657 S.E.2d at 366.

Whether to dismiss an appeal because of non-jurisdictional violations is a case-by-case inquiry. *See N.C. ex rel. Expert Discovery, LLC v. AT&T Corp.*, 287 N.C. App. 75, 84, 882 S.E.2d 660, 668–69 (2022) (citing *Dogwood*, 362 N.C. at 199–200, 657 S.E.2d at 366). To determine whether a dismissal is warranted because of non-jurisdictional violations, we consider: (1) whether the violations impair our review of the case; (2) whether the violations "frustrate" the adversarial process; and (3) the number of violations. *Id.* at 84, 882 S.E.2d at 669 (citing *Dogwood*, 362 N.C. at 200, 657 S.E.2d at 366–67).

Rule 9 requires the record to contain what is "necessary for an understanding of all issues presented on appeal," N.C. R. App. P. 9(a)(1)(e), which may include either a transcript or narration of the relevant trial-court proceeding, N.C. R. App. P. 9(c)(1)–(2). Rule 9 is not jurisdictional. *See In re Foreclosure of a Deed of Tr. Executed by Moretz*, 287 N.C. App. 117, 124, 882 S.E.2d 572, 577 (2022).

Under Rule 11, "[i]f the record on appeal is not settled by agreement under

Rule 11(a), the appellant shall, within the same times provided, serve upon all other parties a proposed record on appeal . . . ." N.C. R. App. P. 11(b). Rule 11 is also not jurisdictional. *See Day v. Day*, 180 N.C. App. 685, 688, 637 S.E.2d 906, 908 (2006).

Here, the parties disagree concerning service of the proposed record and the record's necessary materials. But ASC "does not object to [the Board's motion] seeking to amend the Record on Appeal," so we grant the Board's motion to amend the record. Because we grant the Board's motion to amend the record, our review of this case is not impaired, and ASC's alleged rule violations do not frustrate the adversarial process. *See Expert Discovery*, 287 N.C. App. at 84, 882 S.E.2d at 668–69. Therefore, without resolving whether ASC indeed violated Rules 9 or 11, we deny the Board's motion to dismiss.

### III. Issue

The issue on appeal is whether the trial court erred by denying ASC's motion to set aside its bond forfeiture.

### IV. Analysis

#### A. Standard of Review

"On appeal from an order denying a motion to set aside a bond forfeiture, 'the standard of review for this Court is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.'" *State v. Cash*, 270 N.C. App. 433, 435, 841 S.E.2d 589, 590 (2020) (quoting *State v. Dunn*, 200 N.C. App. 606, 608, 685 S.E.2d 526, 528 (2009)).

"Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *State v. Ashworth*, 248 N.C. App. 649, 651, 790 S.E.2d 173, 176, (2016) (quoting *State v. Chukwu*, 230 N.C. App. 553, 561, 749 S.E.2d 910, 916 (2013)).

## B. Preservation

In order to preserve an argument for appellate review, the moving party must "clearly present[] the alleged error to the trial court." N.C. Gen. Stat. § 8C-1, Rule 103(a)(1) (2023); *see also* N.C. R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."). Further, the "specific grounds for objection raised before the trial court must be the theory argued on appeal because 'the law does not permit parties to swap horses between courts in order to get a better mount in the [appellate court].'" *State v. Harris*, 253 N.C. App. 322, 327, 800 S.E.2d 676, 680 (2017) (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)).

## C. Motion to Set Aside a Bond Forfeiture

Bail is a "security such as cash, a bond, or property," which is "required by a court for the release of a criminal defendant who must appear in court at a future time." *Bail*, BLACK'S LAW DICTIONARY (11th ed. 2019). Bail is typically a sum certain. *See State v. Corl*, 58 N.C. App. 107, 111, 293 S.E.2d 264, 267 (1982).

A bail bond is a contract between a defendant, a bondsman, and the State. *See*

*id.* at 111, 293 S.E.2d at 267. In this contract, the bondsman agrees to post bond, which is a portion of the bail; the defendant agrees to pay the bondsman a fee and to appear in court; and the State agrees to release the defendant until he is scheduled to appear in court. *See State v. Vikre*, 86 N.C. App. 196, 199, 356 S.E.2d 802, 804–05 (1987).

If the defendant fails to appear in court, the trial court enters a forfeiture of the bond. *State v. Escobar*, 187 N.C. App. 267, 270, 652 S.E.2d 694, 697 (2007). From there, the trial court mails a forfeiture notice to the bondsman. *Id.* at 270, 652 S.E.2d at 697. If the bondsman then fails to file a motion to set aside the forfeiture, the forfeiture order becomes a final judgment. *Id.* at 270, 652 S.E.2d at 697. Proceeds from bond forfeitures go to the local school board. *See* N.C. CONST. art. IX, § 7.

If, however, the bondsman files a motion to set aside the forfeiture, the local school board may then file an objection to the motion to set aside. N.C. Gen. Stat. § 15A-544.5(d)(3) (2023). If the school board files an objection, the trial court must hold a hearing. *Id.* § 15A-544.5(d)(5).

When the bondsman files a motion to set aside, the "forfeiture *shall* be set aside for any" of the reasons enumerated in subsection 15A-544.5(b). *Id.* § 15A-544.5(b) (emphasis added). So when a "motion to set aside cites to at least one statutory reason, supported by evidence, the trial court must grant the motion." *State v. Isaacs*, 261 N.C. App. 696, 702, 821 S.E.2d 300, 305 (2018) (citing N.C. Gen. Stat. § 15A-544.5(b)). One enumerated reason for relief is if the "defendant has been served with

an Order for Arrest for the Failure to Appear on the criminal charge in the case in question as evidenced by a copy of an official court record . . . ." N.C. Gen. Stat. § 15A-544.5(b)(4).

### D. Failure to Appear

A party's failure to appear at a motion hearing does not give the trial court absolute discretion to deny the absent party's motion. This is because, as stated by the North Carolina Supreme Court, there is no "statute, rule of court or decision which mandates the presence of a party to a civil action or proceeding at the trial of, or a hearing in connection with, the action or proceeding unless the party is specifically ordered to appear." *Hamlin v. Hamlin*, 302 N.C. 478, 482, 276 S.E.2d 381, 385 (1981).

### E. Application

Here, ASC argues that the trial court erred by denying its motion to set aside because ASC complied with subsection 15A-544.5(b)(4). *See* N.C. Gen. Stat. § 15A-544.5(b)(4). On the other hand, the Board argues that the trial court correctly denied ASC's motion to set aside because ASC failed to appear at the motion hearing, and alternatively, the Board argues that the trial court correctly denied ASC's motion to set aside because the motion was improperly signed. We agree with ASC.

First, nothing in the record—including the Board's additional narrative of the motion hearing—shows that the Board contested the validity of ASC's motion signature. Therefore, any arguments concerning ASC's motion signature are

unpreserved, *see* N.C. Gen. Stat. § 8C-1, Rule 103(a)(1), and we will not consider them, *see Harris*, 253 N.C. App. at 327, 800 S.E.2d at 680.

Second, the Order does not specify why the trial court denied ASC's motion. We can reasonably infer, however, that the trial court denied ASC's motion because ASC failed to appear at the motion hearing. Although it was in ASC's best interests to appear at the hearing—nothing compelled ASC to do so. *See Hamlin*, 302 N.C. at 482, 276 S.E.2d at 385; N.C. Gen. Stat. § 15A-544.5. Moreover, ASC's motion cited a valid reason to set aside the forfeiture, *see* N.C. Gen. Stat. § 15A-544.5(b)(4), and ASC attached copies of Defendant's arrest orders to its motion. Therefore, without any contradictory evidence from the Board, the trial court should have set aside the forfeiture. *See Isaacs*, 261 N.C. App. at 702, 821 S.E.2d at 305.

## V. Conclusion

We conclude that the trial court erred by denying ASC's motion to set aside the forfeiture, despite ASC's absence from the motion hearing. Therefore, we reverse the Order and remand.

REVERSED AND REMANDED.

Judges TYSON and MURPHY concur.