STATE v. MORAITIS

[141 N.C. App. 538 (2000)]

────────────────

STATE OF NORTH CAROLINA v. ANTHONY MORAITIS, Defendant; SURETY: MOUNTAINEER BAIL BONDS

No. COA99-1563

(Filed 29 December 2000)

**Bail and Pretrial Release— bond forfeiture—request for remittance—unverified petition for relief—jurisdiction**

The trial court's order remitting a bail bond forfeiture based upon a surety's unverified petition for relief is invalid because: (1) N.C.G.S. § 15A-544 requires the petition to be verified, and the surety has not moved to amend its motion to include a verification; and (2) the trial court had no jurisdiction over the motion since the requirement that a complaint filed pursuant to that statute be verified is a jurisdictional requirement.

Appeal by Watauga County Board of Education from order entered 22 September 1999 by Judge William A. Leavell in Watauga County District Court. Heard in the Court of Appeals 9 November 2000.

*Miller & Johnson, PLLC, by Paul E. Miller, Jr., and Linda L. Johnson, for plaintiff-appellant Watauga County Board of Education.*

*Steven M. Carlson for defendant-appellee.*

EDMUNDS, Judge.

Judgment creditor Watauga County Board of Education (Watauga) appeals from an order remitting a bond forfeiture. We vacate and remand.

On 24 August 1998, defendant Anthony Moraitis (Moraitis) was arrested for felony possession of marijuana in violation of N.C. Gen.

Stat. § 90-95(a)(3) (1999). On that same date, he executed, as principal, an appearance bond in the amount of $5,000, which was secured by Mountaineer Bail Bonds (Mountaineer) as surety. Moraitis was released from custody pending hearing on the charge.

When Moraitis failed to appear in court on 18 December 1998, his scheduled court date, an order for his arrest was issued and an order of forfeiture was entered on the bond. On 21 December 1999, Moraitis and Mountaineer were notified of a 24 March 1999 hearing at which either would be allowed to present evidence to show why Moraitis' appearance at the 18 December 1998 hearing was impossible or without fault. Judgment of forfeiture was entered on 23 June 1999 in the amount of the bond.

On 17 September 1999, Mountaineer filed a "Motion to Remit Bond," alleging as grounds for relief that:

2. Immediately, after receiving notice of the Order of Forfeiture, the Surety began diligent efforts to locate the Defendant for the purpose of arresting him and surrendering him to the Sheriff.

. . . .

4. The Surety was in no way a contributing factor or cause in the Defendant's failure to appear, and it promptly pursued action designed to locate the Defendant and to promote the purposes of the appearance bond.

5. Subsequently, the Surety sought the assistance of the District Attorney's Office in Watauga County however, he was informed that there was no interest in apprehending or prosecuting the Defendant.

6. The Surety is entitled to reasonable assistance from the District Attorney and other State agencies and lack of such assistance has made it impossible for the Surety to surrender the Defendant. Therefore, the Surety is entitled to be released from all obligations for payment of this bond.

After a hearing on 22 September 1999, the court granted the motion, allowing remission in the amount of $5,000. Two orders were entered on 22 September 1999, one on form AOC-CR-213. A second more specific order was filed on 27 September 1999.

Watauga filed notice of appeal on 19 October 1999, raising several assignments of error. We need address only the first.

Watauga argues that the court's order remitting the bond forfeiture is invalid because it is based upon an unverified petition for relief in violation of N.C. Gen. Stat. § 15A-544 (1999). This argument requires examination of the statutory language contained in section 15A-544, which provides in pertinent part:

> At any time within 90 days after entry of the judgment against a principal or surety, the principal or surety, by *verified written petition*, may request that the judgment be remitted in whole or in part, upon such conditions as the court may impose, if it appears that justice requires the remission of part or all of the judgment.

N.C. Gen. Stat. § 15A-544(e) (emphasis added). In the case at bar, although Mountaineer requested that the judgment be remitted within ninety (90) days after entry of judgment of forfeiture, its request was not verified, nor has Mountaineer moved to amend its motion to include a verification. Accordingly, Watauga is correct in its assertion that the trial court erred in remitting the judgment.

Mountaineer, citing *Taylor v. Nationsbank Corp.*, 125 N.C. App. 515, 481 S.E.2d 358, *disc. review allowed*, 346 N.C. 288, 487 S.E.2d 570, *disc. review improvidently allowed*, 347 N.C. 388, 493 S.E.2d 57 (1997) and *Alford v. Shaw*, 327 N.C. 526, 398 S.E.2d 445 (1990), contends that Watauga failed to object to the lack of verification at the 22 September 1999 hearing and is therefore precluded from raising such argument on appeal. However, these cases are distinguishable from the case at bar. In *Taylor*, we held that because the plaintiffs failed to raise any objection at trial regarding the absence of verification of the defendants' *answer*, the issue was not properly preserved for appellate review. However, unlike a request for remittance of judgment made pursuant to N.C. Gen. Stat. § 15A-544(e), the defendants' answer was not required to be verified by statute.

*Alford* is more closely analogous to the case at bar and requires analysis. In *Alford*, the plaintiff failed properly to verify its complaint in a shareholder derivative suit, as required by N.C. Gen. Stat. § 1A-1, Rule 23 (1983). Our Supreme Court held, however, that "because N.C.G.S. § 1A-1, Rule 23(b) addresses the procedure to be followed in, and not the substantive elements of, a shareholder's derivative suit, plaintiffs' failure to comply with the verification requirement at the time the complaint was filed is not a jurisdictional defect." *Alford*, 327 N.C. at 531, 398 S.E.2d at 447. Accordingly, the Court held that

STATE v. MORAITIS

[141 N.C. App. 538 (2000)]

"[b]ecause the rule containing the verification requirement is not jurisdictional in nature, where the purposes behind the rule have been fulfilled by the time the objection to a defective or absent verification is lodged, dismissal or summary judgment in favor of defendants is not appropriate." *Id.* at 532, 398 S.E.2d at 448 (internal citations omitted).

The question presented to this Court in the present case is whether the verification requirement in N.C. Gen. Stat. § 15A-544 is jurisdictional. The issue of lack of subject matter jurisdiction can be raised at any time, even on appeal. *See Wildcatt v. Smith*, 69 N.C. App. 1, 316 S.E.2d 870, *disc. review allowed*, 312 N.C. 90, 321 S.E.2d 909 (1984). This particular issue is one of first impression in this State, and we begin with a review of general principles of statutory construction. A statute that is clear on its face must be enforced as written. *See Bowers v. City of High Point*, 339 N.C. 413, 451 S.E.2d 284 (1994). We presume that the use of a word in a statute is not superfluous and must be accorded meaning, if possible. *See N.C. Bd. of Exam for Speech Path. v. N.C. State Bd. of Educ.*, 122 N.C. App. 15, 468 S.E.2d 826, *disc. review allowed*, 343 N.C. 513, 472 S.E.2d 16 (1996), *aff'd in part and disc. review improvidently allowed in part*, 345 N.C. 493, 480 S.E.2d 50 (1997). Where a term used in a statute has obtained long-standing legal significance, we presume that the legislature intended that significance to attach to the use of the term, absent an indication to the contrary. *See Black v. Littlejohn*, 312 N.C. 626, 325 S.E.2d 469 (1985).

We now consider whether the use of the term "verified" in the statute governing Mountaineer's motion imposed a jurisdictional requirement on the party filing the motion. As established in *Alford*, the resolution of the issue turns on whether the statute requiring verification addresses only the procedure to be followed in the forfeiture proceeding, as opposed to addressing the substantive elements of the proceeding. We are mindful that we have previously held in *In Re Triscari Children*, 109 N.C. App. 285, 426 S.E.2d 435 (1993) that "[t]he shareholder derivative suit appears to be the only situation where a specific requirement that the pleadings be verified is not considered jurisdictional in nature." *Id.* at 288, 426 S.E.2d at 437.

Our review of N.C. Gen. Stat. § 15A-544 in its entirety reveals that the statute addresses both substantive and procedural elements. Accordingly, consistent with *Alford* and the principles of statutory interpretation reviewed above, we hold that the requirement that a

complaint filed pursuant to that statute be verified is a jurisdictional requirement. Because Mountaineer failed to comply with this requirement, the trial court had no jurisdiction over the motion. Accordingly, the order of the court is vacated and the matter is remanded to the trial court for action consistent with this opinion.

Vacated and remanded.

Judges MARTIN and TIMMONS-GOODSON concur.