IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-43

Filed: 3 November 2020

Jones County, No. 18 CR 50340

STATE OF NORTH CAROLINA

v.

CAROLYN VONDESSA DOSS, Defendant,

and

ACCREDITED SURETY AND CASUAL, Surety/Bail Agent/Appellant.

Appeal by surety-bail agent-appellant from order entered 25 October 2019 by Judge William B. Sutton in Jones County District Court. Heard in the Court of Appeals 26 August 2020.

*Greene, Wilson & Crow, P.A., by Kelly L. Greene and Thomas R. Wilson, for appellant Accredited Surety and Casual.*

*Tharrington Smith LLP, by Rod Malone and Stephen G. Rawson, for appellee Jones County Board of Education.*

*Campbell Shatley, PLLC, by Christopher Z. Campbell, Kristopher L. Caudle, and John F. Henning, Jr., for North Carolina School Boards Association.*

*Allison B. Schafer for North Carolina School Boards Association.*

BERGER, Judge.

On October 25, 2019, the trial court entered an order which granted Reginal Beasley's ("Bail Agent") and Accredited Surety and Casual's motion to set aside

forfeiture. However, the trial court also ordered Bail Agent to pay sanctions in the amount of $500.00 because Bail Agent failed to attach sufficient documentation with its motion pursuant to N.C. Gen. Stat. § 15A-544.5. In addition, the trial court prohibited Bail Agent from becoming surety on any future bonds in Jones County until the judgment was satisfied. Bail Agent appeals, arguing that the trial court abused its discretion when it granted Jones County Board of Education's (the "Board") motion for sanctions. We agree, and reverse the trial court's order for sanctions.

Factual and Procedural Background

On July 14, 2018, Carolyn Vondessa Doss ("Defendant") was arrested for driving while impaired, placed in jail, and given a secured bond of $4,000.00. That same day, Accredited Surety and Casual, through its agent Bail Agent, posted bond in the amount of $4,000.00, and Defendant was released. On November 2, 2018, Defendant failed to appear, and an order for her arrest was issued. On November 10, 2018, the trial court issued and mailed a bond forfeiture notice to Accredited Surety and Casual, Bail Agent, and Defendant.

On March 29, 2019, Bail Agent filed a motion to set aside forfeiture using form AOC-CR-213. As grounds for relief, Bail Agent checked boxes 2 – "All charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State taking a dismissal with leave as evidenced by the attached

copy of the official court record" – and 4 – "The defendant has been served with an order for arrest for the failure to appear on the criminal charge in the case in question as evidenced by a copy of an official court record, including an electronic record."[1] An Automated Criminal/Infractions System ("ACIS") printout showing that Defendant had been assigned a new court date was attached to the motion.

On April 12, 2019, the Board filed its objection to the motion, and noticed hearing for May 10, 2019. The left margin contained the following typed language: "Surety shall take notice that the Board of Education reserves the right to seek, as a sanction, reimbursement of all attorney fees and expenses incurred in objecting to this motion if Surety provides additional documentation after the date of this objection."

Prior to the hearing on the Board's objection to the motion to set aside, Bail Agent provided the Board's counsel with additional documentation that demonstrated the order for arrest had been served. The record does not contain a written motion for sanctions or notice of hearing on the issue of sanctions from the Board.

On October 25, 2019, the Board's objection to Bail Agent's motion was heard. At the hearing, the Board's counsel conceded that the additional documentation was sufficient to set aside forfeiture, and the trial court granted Bail Agent's motion to set

---

[1] Bail Agent claims that box 2 was checked accidentally, and Bail Agent attempted to cure this mistake by initialing above box 2.

aside.  The trial court also ordered sanctions against Bail Agent in the amount of $500.00 for failure to attach sufficient documentation to the motion to set aside. Further, the trial court prohibited Bail Agent from becoming "surety on any bail bond in Jones County until" Bail Agent satisfied the judgment.

Bail Agent appeals, arguing that the trial court abused its discretion in assessing sanctions.  We agree.

## Standard of Review

A trial court's ruling on imposition of sanctions will not be disturbed absent an abuse of discretion.  *State v. Cortez*, 229 N.C. App. 247, 267, 747 S.E.2d 346, 360 (2013).  "A trial court abuses its discretion if its determination is manifestly unsupported by reason and is so arbitrary that it could not have been the result of a reasoned decision." *State v. Cummings*, 361 N.C. 438, 463, 648 S.E.2d 788, 803 (2007) (citation and quotation marks omitted).

## Analysis

"The goal of the bonding system is the production of the defendant, not increased revenues for the county school fund."  *State v. Locklear*, 42 N.C. App. 486, 489, 256 S.E.2d 830, 832 (1979).

"A statute that is clear on its face must be enforced as written."  *State v. Moraitis*, 141 N.C. App. 538, 541, 540 S.E.2d 756, 757 (2000).  "As a cardinal principle of statutory interpretation, if the language of the statute is clear and is not

ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms." *State v. Reaves-Smith*, ___ N.C. App. ___, ___, 844 S.E.2d 19, 24 (2020) (citation and quotation marks omitted).

> It is a well-established rule of statutory construction that a statute must be considered as a whole and construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed that the legislature . . . did not intend any provision to be mere surplusage.

*State v. Conley*, 374 N.C. 209, 215, 839 S.E.2d 805, 809 (2020) (citation and quotation marks omitted).

N.C. Gen. Stat. § 15A-544.5(d)(8) states that

> If at the hearing [on the motion to set aside] the court determines . . . that the documentation required to be attached . . . was not attached to the motion at the time the motion was filed, the court may order monetary sanctions against the surety filing the motion, unless the court also finds that the failure to sign the motion or attach the required documentation was unintentional. A motion for sanctions and notice of the hearing thereof shall be served on the surety not later than 10 days before the time specified for the hearing. If the court concludes that a sanction should be ordered, in addition to ordering the denial of the motion to set aside, sanctions shall be imposed as follows: (i) twenty-five percent (25%) of the bond amount for failure to sign the motion; (ii) fifty percent (50%) of the bond amount for failure to attach the required documentation; and (iii) not less than one hundred percent (100%) of the bond amount for the filing of fraudulent documentation. Sanctions awarded under this subdivision shall be docketed by the clerk of superior court as a civil judgment as provided in G.S. 1-234. The clerk of superior court shall remit the clear proceeds of the sanction to the county finance officer as provided in G.S. 115C-452. This

subdivision shall not limit the criminal prosecution of any individual involved in the creation or filing of any fraudulent documentation.

N.C. Gen. Stat. § 15A-544.5(d)(8) (2019).

Section 15A-544.5(d)(8) addresses grounds for sanctions, a procedure for seeking sanctions, permissible sanctions, and satisfaction of any judgment relating to sanctions. By the plain language of the statute, sanctions may only be allowed if a motion to set aside is not signed, or the required documentation was not attached at the time of filing the motion to set aside.

In addition, Section 15A-544.5(d)(8) specifically states that "*If at the hearing the court determines that the motion to set aside* was not signed or that the documentation required to be attached pursuant to subdivision (1) . . ., the court may order monetary sanctions[.]" N.C. Gen. Stat. § 15A-544.5(d)(8) (emphasis added). Further, the statute only permits sanctions to be imposed if the motion to set aside is denied. *See* N.C. Gen. Stat. § 15A-544.5(d)(8) ("[I]f the court concludes that a sanction should be ordered, *in addition to ordering the denial of the motion to set aside, sanctions shall be imposed*" based on the amount of the bond (emphasis added)).

Read in its entirety, the plain language of Section 15A-544.5(d)(8) requires the trial court to first hold a hearing and make a determination regarding the underlying motion to set aside. "The trial court's authority to order sanctions against the surety who filed a motion to set aside is triggered [only after] the trial court" makes this initial determination. *State v. Lemus*, COA19-582, 2020 WL 1026548, at *4 (N.C. Ct.

App. 2020) (unpublished). A trial court may only impose sanctions under Section 15A-544.5(d)(8) when the motion to set aside is denied, and by the plain language of this section, the trial court cannot order both that the forfeiture be set aside and that sanctions be imposed. Thus, the trial court abused its discretion when it granted the motion to set aside and imposed sanctions against Bail Agent.

Further, the Board failed to make a proper motion for sanctions. Pursuant to N.C. Gen. Stat. § 15A-544.5(d)(8), "[a] motion for sanctions and notice of the hearing thereof shall be served on the surety not later than 10 days before the time specified for the hearing." N.C. Gen. Stat. § 15A-544.5(d)(8). There is nothing in the record that indicates that the Board filed or served Bail Agent with a motion for sanctions and notice of the hearing 10 days prior to the hearing. Rather, the notation in the margin of the Board's objection to the motion to set aside merely reserved the right to file a motion for sanctions if Bail Agent provided supplemental documentation. No such motion is set forth in the record, and the Board's oral motion for sanctions is insufficient pursuant to the plain language of N.C. Gen. Stat. § 15A-544.5(d)(8).

Moreover, the sanction imposed by the trial court that prohibited Bail Agent from becoming surety on any future bonds in Jones County until the judgment was satisfied exceeded the scope of the trial court's authority. It is uncontroverted that a court cannot exercise authority not specifically prescribed in the bond forfeiture statutes. *See State v. Knight*, 255 N.C. App. 802, 806, 805 S.E.2d 751, 754 (2017)

(emphasizing that the trial court's authority over bond forfeiture must be exercised in accordance with the relevant statutory provisions).

Allowable sanctions for failure to attach sufficient documentation to a motion to set aside are prescribed by N.C. Gen. Stat. § 15A-544.5(d)(8). Specifically, that section states that "sanctions shall be imposed as follows: . . . (ii) fifty percent (50%) of the bond amount for failure to attach the required documentation." N.C. Gen. Stat. § 15A-544.5(d)(8); s*ee also Cortez*, 229 N.C. App. at 269, 747 S.E.2d at 361 ("[I]f a surety fails to attach the required documentation to a motion to set aside . . . a court is now authorized and required by the General Assembly under subdivision (d)(8) to impose a sanction equal to fifty percent of the bond's amount if the court decides to impose monetary sanctions against a surety for such a failure."). Prohibiting Bail Agent from writing bonds until the judgment for sanctions was satisfied went beyond the trial court's authority as set forth in Section 15A-544.5, and therefore, the trial court abused its discretion.

In addition, the trial court assessed sanctions because the motion to set aside "contained insufficient documentation." Relying on *State v. Isaacs*, 261 N.C. App. 696, 821 S.E.2d 300 (2018), the trial court determined that "the Board is entitled, at the Court's discretion, to be reimbursed for attorney fees and expenses as a sanction to remedy any prejudice caused by the Surety's failure to attach sufficient evidence to its" motion to set aside the forfeiture.

An ACIS printout is a copy of an official court record. *See State v. Waycaster*, ___ N.C. ___, ___, 846 S.E.2d 688, 695 (2020) ("[T]he ACIS database serves as a court record—albeit an electronic one.").[2]  Here, Bail Agent attached an electronic copy of a court record which satisfies N.C. Gen. Stat. § 15A-544.5(b)(4) to his motion to set aside.  The trial court failed to make findings of fact concerning why the motion to set aside contained insufficient documentation when an official court record was attached.  Thus, the trial court abused its discretion when it sanctioned Bail Agent for failure to attach sufficient documentation to the motion to set aside.

Conclusion

For the reasons provided herein, the trial court abused its discretion when it sanctioned Bail Agent, and we reverse.

REVERSED.

Judges ARROWOOD and COLLINS concur.

---

[2] ACIS is "maintained by the North Carolina Administrative Office of the Courts [and] provides the superior and district courts in North Carolina with accurate and timely criminal and infraction case information." *ACIS Citizen's Guide*, NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS 5 (2017), https://www.nccourts.gov/assets/documents/publications/ACIS_Inquiry_RG.pdf?n5DVrlE3ODObw13 mPuMpNs0uEecpTaBN.  The system is used by courts to "create indexes, calendars and docket cases, notify individuals of case status and exceptions, and control the reporting of dispositions and final judgments for criminal cases." *ACIS Criminal Inquiry Module User Manual*, NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS 8 (2010), https://www.nccourts.gov/assets/documents/publications/Criminal-Inquiry-Manual.pdf?fu6MNou7dLhkSYKnJ99hVDL4h2IjbzLh.

The primary users of the ACIS criminal module, are clerks of court, district attorneys, and magistrates. *Id.* at 6.  The system is designed to "provide[] a complete history of all case related activity, and ultimately, disposition data." *Id.* at 8.