IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA20-43

 Filed: 3 November 2020

Jones County, No. 18 CR 50340

STATE OF NORTH CAROLINA

 v.

CAROLYN VONDESSA DOSS, Defendant,

 and

ACCREDITED SURETY AND CASUAL, Surety/Bail Agent/Appellant.

 Appeal by surety-bail agent-appellant from order entered 25 October 2019 by

Judge William B. Sutton in Jones County District Court. Heard in the Court of

Appeals 26 August 2020.

 Greene, Wilson & Crow, P.A., by Kelly L. Greene and Thomas R. Wilson, for
 appellant Accredited Surety and Casual.

 Tharrington Smith LLP, by Rod Malone and Stephen G. Rawson, for appellee
 Jones County Board of Education.

 Campbell Shatley, PLLC, by Christopher Z. Campbell and John F. Henning,
 Jr., for North Carolina School Boards Association.

 Schwartz & Shaw, by Kristopher L. Caudle, for North Carolina School Boards
 Association.

 Allison B. Schafer for North Carolina School Boards Association.

 BERGER, Judge.
 STATE V. DOSS

 Opinion of the Court

 On October 25, 2019, the trial court entered an order which granted Reginal

Beasley’s (“Bail Agent”) and Accredited Surety and Casual’s motion to set aside

forfeiture. However, the trial court also ordered Bail Agent to pay sanctions in the

amount of $500.00 because Bail Agent failed to attach sufficient documentation with

its motion pursuant to N.C. Gen. Stat. § 15A-544.5. In addition, the trial court

prohibited Bail Agent from becoming surety on any future bonds in Jones County

until the judgment was satisfied. Bail Agent appeals, arguing that the trial court

abused its discretion when it granted Jones County Board of Education’s (the

“Board”) motion for sanctions. We agree, and reverse the trial court’s order for

sanctions.

 Factual and Procedural Background

 On July 14, 2018, Carolyn Vondessa Doss (“Defendant”) was arrested for

driving while impaired, placed in jail, and given a secured bond of $4,000.00. That

same day, Accredited Surety and Casual, through its agent Bail Agent, posted bond

in the amount of $4,000.00, and Defendant was released. On November 2, 2018,

Defendant failed to appear, and an order for her arrest was issued. On November 10,

2018, the trial court issued and mailed a bond forfeiture notice to Accredited Surety

and Casual, Bail Agent, and Defendant.

 On March 29, 2019, Bail Agent filed a motion to set aside forfeiture using form

AOC-CR-213. As grounds for relief, Bail Agent checked boxes 2 – “All charges for

 -2-
 STATE V. DOSS

 Opinion of the Court

which the defendant was bonded to appear have been finally disposed by the court

other than by the State taking a dismissal with leave as evidenced by the attached

copy of the official court record” – and 4 – “The defendant has been served with an

order for arrest for the failure to appear on the criminal charge in the case in question

as evidenced by a copy of an official court record, including an electronic record.”1 An

Automated Criminal/Infractions System (“ACIS”) printout showing that Defendant

had been assigned a new court date was attached to the motion.

 On April 12, 2019, the Board filed its objection to the motion, and noticed

hearing for May 10, 2019. The left margin contained the following typed language:

“Surety shall take notice that the Board of Education reserves the right to seek, as a

sanction, reimbursement of all attorney fees and expenses incurred in objecting to

this motion if Surety provides additional documentation after the date of this

objection.”

 Prior to the hearing on the Board’s objection to the motion to set aside, Bail

Agent provided the Board’s counsel with additional documentation that

demonstrated the order for arrest had been served. The record does not contain a

written motion for sanctions or notice of hearing on the issue of sanctions from the

Board.

 1Bail Agent claims that box 2 was checked accidentally, and Bail Agent attempted to cure this
mistake by initialing above box 2.

 -3-
 STATE V. DOSS

 Opinion of the Court

 On October 25, 2019, the Board’s objection to Bail Agent’s motion was heard.

At the hearing, the Board’s counsel conceded that the additional documentation was

sufficient to set aside forfeiture, and the trial court granted Bail Agent’s motion to set

aside. The trial court also ordered sanctions against Bail Agent in the amount of

$500.00 for failure to attach sufficient documentation to the motion to set aside.

Further, the trial court prohibited Bail Agent from becoming “surety on any bail bond

in Jones County until” Bail Agent satisfied the judgment.

 Bail Agent appeals, arguing that the trial court abused its discretion in

assessing sanctions. We agree.

 Standard of Review

 A trial court’s ruling on imposition of sanctions will not be disturbed absent an

abuse of discretion. State v. Cortez, 229 N.C. App. 247, 267, 747 S.E.2d 346, 360

(2013). “A trial court abuses its discretion if its determination is manifestly

unsupported by reason and is so arbitrary that it could not have been the result of a

reasoned decision.” State v. Cummings, 361 N.C. 438, 463, 648 S.E.2d 788, 803 (2007)

(citation and quotation marks omitted).

 Analysis

 “The goal of the bonding system is the production of the defendant, not

increased revenues for the county school fund.” State v. Locklear, 42 N.C. App. 486,

489, 256 S.E.2d 830, 832 (1979).

 -4-
 STATE V. DOSS

 Opinion of the Court

 “A statute that is clear on its face must be enforced as written.” State v.

Moraitis, 141 N.C. App. 538, 541, 540 S.E.2d 756, 757 (2000). “As a cardinal principle

of statutory interpretation, if the language of the statute is clear and is not

ambiguous, we must conclude that the legislature intended the statute to be

implemented according to the plain meaning of its terms.” State v. Reaves-Smith, ___

N.C. App. ___, ___, 844 S.E.2d 19, 24 (2020) (citation and quotation marks omitted).

 It is a well-established rule of statutory construction
 that a statute must be considered as a whole and
 construed, if possible, so that none of its provisions shall be
 rendered useless or redundant. It is presumed that the
 legislature . . . did not intend any provision to be mere
 surplusage.

State v. Conley, 374 N.C. 209, 215, 839 S.E.2d 805, 809 (2020) (citation and quotation

marks omitted).

 N.C. Gen. Stat. § 15A-544.5(d)(8) states that

 If at the hearing [on the motion to set aside] the court
 determines . . . that the documentation required to be
 attached . . . was not attached to the motion at the time the
 motion was filed, the court may order monetary sanctions
 against the surety filing the motion, unless the court also
 finds that the failure to sign the motion or attach the
 required documentation was unintentional. A motion for
 sanctions and notice of the hearing thereof shall be served
 on the surety not later than 10 days before the time
 specified for the hearing. If the court concludes that a
 sanction should be ordered, in addition to ordering the
 denial of the motion to set aside, sanctions shall be imposed
 as follows: (i) twenty-five percent (25%) of the bond amount
 for failure to sign the motion; (ii) fifty percent (50%) of the
 bond amount for failure to attach the required
 documentation; and (iii) not less than one hundred percent

 -5-
 STATE V. DOSS

 Opinion of the Court

 (100%) of the bond amount for the filing of fraudulent
 documentation. Sanctions awarded under this subdivision
 shall be docketed by the clerk of superior court as a civil
 judgment as provided in G.S. 1-234. The clerk of superior
 court shall remit the clear proceeds of the sanction to the
 county finance officer as provided in G.S. 115C-452. This
 subdivision shall not limit the criminal prosecution of any
 individual involved in the creation or filing of any
 fraudulent documentation.

N.C. Gen. Stat. § 15A-544.5(d)(8) (2019).

 Section 15A-544.5(d)(8) addresses grounds for sanctions, a procedure for

seeking sanctions, permissible sanctions, and satisfaction of any judgment relating

to sanctions. By the plain language of the statute, sanctions may only be allowed if

a motion to set aside is not signed, or the required documentation was not attached

at the time of filing the motion to set aside.

 In addition, Section 15A-544.5(d)(8) specifically states that “If at the hearing

the court determines that the motion to set aside was not signed or that the

documentation required to be attached pursuant to subdivision (1) . . ., the court may

order monetary sanctions[.]” N.C. Gen. Stat. § 15A-544.5(d)(8) (emphasis added).

Further, the statute only permits sanctions to be imposed if the motion to set aside is

denied. See N.C. Gen. Stat. § 15A-544.5(d)(8) (“[I]f the court concludes that a sanction

should be ordered, in addition to ordering the denial of the motion to set aside,

sanctions shall be imposed” based on the amount of the bond (emphasis added)).

 Read in its entirety, the plain language of Section 15A-544.5(d)(8) requires the

trial court to first hold a hearing and make a determination regarding the underlying

 -6-
 STATE V. DOSS

 Opinion of the Court

motion to set aside. “The trial court’s authority to order sanctions against the surety

who filed a motion to set aside is triggered [only after] the trial court” makes this

initial determination. State v. Lemus, COA19-582, 2020 WL 1026548, at *4 (N.C. Ct.

App. 2020) (unpublished). A trial court may only impose sanctions under Section

15A-544.5(d)(8) when the motion to set aside is denied, and by the plain language of

this section, the trial court cannot order both that the forfeiture be set aside and that

sanctions be imposed. Thus, the trial court abused its discretion when it granted the

motion to set aside and imposed sanctions against Bail Agent.

 Further, the Board failed to make a proper motion for sanctions. Pursuant to

N.C. Gen. Stat. § 15A-544.5(d)(8), “[a] motion for sanctions and notice of the hearing

thereof shall be served on the surety not later than 10 days before the time specified

for the hearing.” N.C. Gen. Stat. § 15A-544.5(d)(8). There is nothing in the record

that indicates that the Board filed or served Bail Agent with a motion for sanctions

and notice of the hearing 10 days prior to the hearing. Rather, the notation in the

margin of the Board’s objection to the motion to set aside merely reserved the right

to file a motion for sanctions if Bail Agent provided supplemental documentation. No

such motion is set forth in the record, and the Board’s oral motion for sanctions is

insufficient pursuant to the plain language of N.C. Gen. Stat. § 15A-544.5(d)(8).

 Moreover, the sanction imposed by the trial court that prohibited Bail Agent

from becoming surety on any future bonds in Jones County until the judgment was

 -7-
 STATE V. DOSS

 Opinion of the Court

satisfied exceeded the scope of the trial court’s authority. It is uncontroverted that a

court cannot exercise authority not specifically prescribed in the bond forfeiture

statutes. See State v. Knight, 255 N.C. App. 802, 806, 805 S.E.2d 751, 754 (2017)

(emphasizing that the trial court’s authority over bond forfeiture must be exercised

in accordance with the relevant statutory provisions).

 Allowable sanctions for failure to attach sufficient documentation to a motion

to set aside are prescribed by N.C. Gen. Stat. § 15A-544.5(d)(8). Specifically, that

section states that “sanctions shall be imposed as follows: . . . (ii) fifty percent (50%)

of the bond amount for failure to attach the required documentation.” N.C. Gen. Stat.

§ 15A-544.5(d)(8); see also Cortez, 229 N.C. App. at 269, 747 S.E.2d at 361 (“[I]f a

surety fails to attach the required documentation to a motion to set aside . . . a court

is now authorized and required by the General Assembly under subdivision (d)(8) to

impose a sanction equal to fifty percent of the bond’s amount if the court decides to

impose monetary sanctions against a surety for such a failure.”). Prohibiting Bail

Agent from writing bonds until the judgment for sanctions was satisfied went beyond

the trial court’s authority as set forth in Section 15A-544.5, and therefore, the trial

court abused its discretion.

 In addition, the trial court assessed sanctions because the motion to set aside

“contained insufficient documentation.” Relying on State v. Isaacs, 261 N.C. App.

696, 821 S.E.2d 300 (2018), the trial court determined that “the Board is entitled, at

 -8-
 STATE V. DOSS

 Opinion of the Court

the Court’s discretion, to be reimbursed for attorney fees and expenses as a sanction

to remedy any prejudice caused by the Surety’s failure to attach sufficient evidence

to its” motion to set aside the forfeiture.

 An ACIS printout is a copy of an official court record. See State v. Waycaster,

___ N.C. ___, ___, 846 S.E.2d 688, 695 (2020) (“[T]he ACIS database serves as a court

record—albeit an electronic one.”).2 Here, Bail Agent attached an electronic copy of

a court record which satisfies N.C. Gen. Stat. § 15A-544.5(b)(4) to his motion to set

aside. The trial court failed to make findings of fact concerning why the motion to set

aside contained insufficient documentation when an official court record was

attached. Thus, the trial court abused its discretion when it sanctioned Bail Agent

for failure to attach sufficient documentation to the motion to set aside.

 Conclusion

 For the reasons provided herein, the trial court abused its discretion when it

sanctioned Bail Agent, and we reverse.

 2 ACIS is “maintained by the North Carolina Administrative Office of the Courts [and] provides
the superior and district courts in North Carolina with accurate and timely criminal and infraction
case information.” ACIS Citizen’s Guide, NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS 5
(2017),
https://www.nccourts.gov/assets/documents/publications/ACIS_Inquiry_RG.pdf?n5DVrlE3ODObw13
mPuMpNs0uEecpTaBN. The system is used by courts to “create indexes, calendars and docket cases,
notify individuals of case status and exceptions, and control the reporting of dispositions and final
judgments for criminal cases.” ACIS Criminal Inquiry Module User Manual, NORTH CAROLINA
ADMINISTRATIVE OFFICE OF THE COURTS 8 (2010),
https://www.nccourts.gov/assets/documents/publications/Criminal-Inquiry-
Manual.pdf?fu6MNou7dLhkSYKnJ99hVDL4h2IjbzLh.
 The primary users of the ACIS criminal module, are clerks of court, district attorneys, and
magistrates. Id. at 6. The system is designed to “provide[] a complete history of all case related
activity, and ultimately, disposition data.” Id. at 8.

 -9-
 STATE V. DOSS

 Opinion of the Court

REVERSED.

Judges ARROWOOD and COLLINS concur.

 - 10 -